## WALGREEN CO. v. GODEFROY MFG. CO. CO.
### Patent Appeal No. 2905.

Court of Customs and Patent Appeals.
May 23, 1932.

Harry C. Alberts, of Chicago, Ill. (Theo. K. Bryant, of Washington, D. C., of counsel), for appellant.

Carr, Carr & Gravely, of St. Louis, Mo. (Samuel Herrick, of Washington, D. C., and Joseph J. Gravely and James A. Carr, both of St. Louis, Mo., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed its application for registration of its trade-mark in the United States Patent Office on May 25, 1928. The mark is used on shaving cream and consists of the profile of the head and shoulders of a man, with the compound word "Peau-Doux," and underneath the same the following: "(Po-Do)." The mark is said to have been used since March 1, 1926.

The appellee opposes the registration, relying upon its registration of the trade-mark "Peaudouce" for skin cream, and the continuous use of the same in interstate commerce since October, 1895. This registration is No. 250,012, dated November 27, 1928.

The opposer alone took testimony, and it satisfactorily appears that the opposer used its mark, as provided by law, long prior to appellant's entrance into the field. The applicant filed, as a part of its application, a disclaimer of the word "Peau-Doux," except as used in its mark.

■ We agree with the Commissioner in his decision that the goods of opposer and applicant are of the same descriptive properties, and that confusion would result if applicant's mark were registered. Hence registration should be denied. It would be a work of supererogation for us to repeat here what we have said so many times. California Packing Corp. v. Tillman & Bendel, 40 F.(2d) 108, 17 C. C. P. A. 1048; Sun-Maid R. G. of California v. American Grocer Co., 40 F.(2d) 116, 17 C. C. P. A. 1034; Harris v. Plough Chem. Co., 54 F.(2d) 967, 19 C. C. P. A. ——.

It is argued that the word "Peau-Doux" has been disclaimed, except in conjunction with this mark. This is of no importance. The confusion will continue, as Justice Robb, of the Court of Appeals of the District of Columbia, said in Fishbeck Soap Co. v. Kleeno Mfg. Co., 44 App. D. C. 6, while "the disclaimer would slumber in the archives of the Patent Office."

■ It is vigorously argued by appellant's counsel that opposer cannot be heard to oppose the registration of appellant's mark, for the reason that opposer's mark is descriptive, not the subject of exclusive ownership, and was not entitled to registration. This raises the question of the validity of opposer's registered mark. It is the holding of this court that the validity of the opposer's mark will not be inquired into in opposition proceedings. Celotex Co. v. Millington, 49 F. (2d) 1053, 18 C. C. P. A. 1484; E. Daltroff & Cie v. Vivaudou, Inc., 53 F.(2d) 536, 19 C. C. P. A. ——.

The decision of the Commissioner of Patents is affirmed.

Affirmed.