### HELZBERG v. KATZ & OGUSH, Inc.
Patent Appeal No. 3343.

Court of Customs and Patent Appeals.
Dec. 10, 1934.

Albert A. Jones, of Washington, D. C., for appellant.

James Atkins, of Washington, D. C. (Harry Radzinsky, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences dismissing the notice of opposition of appellee and holding that appellant was entitled to the registration of a composite trade-mark, for use on diamonds, comprising the words "Certified-Perfect," printed on a representation of a scroll extending across a heart-shaped outline, together with the word "Diamonds," which appears on the heart-shaped outline directly beneath the scroll.

The words "Certified Perfect Diamonds" were disclaimed by appellant apart from the mark as shown in the drawings.

The case was submitted to the tribunals of the Patent Office upon a stipulation entered into by the parties. It appears therefrom that appellee is "engaged in business as Manufacturing Jewelers and Refiners of Precious Metals at New York City"; that its trade-mark consists of the word "Certified": that on October 21, 1924, appellee registered its trade-mark, registration No. 190,797, for use on "finger rings, bar pins, scarfpins, bracelets, sautoirs, watch chains, gem settings, mesh bags, vanity cases, barrettes, brooches, belt buckles, collar pins, cigarette cases, cigar cutters, collar buttons, earrings, watch fobs, necklaces, neck chains, necklace clasps, medals, cuff buttons, shoe buckles, lockets, tie clasps, watch-chain snaps, and veil pins, all of the above articles being made of or coated with precious metal"; that it had used its mark on such articles in interstate commerce since April 12, 1923; that on October 21, 1924,

it also registered its trade-mark, registration No. 190,798, for use on watches, watch movements, and watchcases; that it had used its mark on those articles in interstate commerce since April 12, 1923; that on February 17, 1931, it registered its trade-mark, registration No. 280,558, for use on "jewelry for personal wear, not including watches"; that it had used its mark on jewelry in interstate commerce since November 1, 1929; and that it has advertised its trade-mark in various publications, also in booklets and circulars to dealers and customers in the United States.

It further appears from the stipulation that appellant has used his trade-mark in interstate commerce on diamonds since May 5, 1931; that he is engaged in the retail sale of diamonds and jewelry at Kansas City, Kan., Topeka, Kan., Wichita, Kan., and Kansas City, Mo.

It appears from the decision of the Examiner of Interferences, and from the brief of appellee, that appellee's registrations were issued under the Act of March 19, 1920 (15 USCA § 121 et seq.).

The Examiner of Interferences held that appellee's trade-mark "Certified" was descriptive, and did not denote origin of appellee's goods, that the registration of appellant's mark would not prevent appellee from using its trade-mark, and that, as appellant had disclaimed the words "Certified Perfect Diamonds," he was entitled to register his mark under the Trade-Mark Act of February 20, 1905, as amended (15 USCA §§ 81–109).

On appeal, the Commissioner of Patents held that the goods of the parties possessed the same descriptive properties; that appellee had been using its trade-mark "Certified" on its goods long prior to the adoption and use by appellant of his trade-mark; that the marks were confusingly similar; and that appellant was not entitled to register his mark.

Counsel for appellant contends that appellee's trade-mark "Certified," as used on its goods, is descriptive; that appellee is therefore not entitled to the exclusive use of its trade-mark; that, although the disclaimed words "Certified Perfect Diamonds," in appellant's composite trade-mark, perform a purely descriptive function, appellant is, nevertheless, entitled to have his mark registered under the Act of February 20, 1905, as amended. Counsel for appellant further contends that appellant has the legal right to use the word "certified" for descriptive

purposes in his mark; and that, if such use results in any damage to appellee, such damage should be established in a "proper tribunal having jurisdiction in the field of unfair competition."

It is contended by counsel for appellee that the goods of the parties possess the same descriptive properties; that appellee's trade-mark "Certified" is the dominant feature of appellant's composite trade-mark, and, although it, together with the words "perfect" and "diamonds," has been disclaimed by appellant, apart from the mark as shown, appellee would be damaged by the registration of appellant's trade-mark.

The goods of the respective parties possess the same descriptive properties. Accordingly, whether appellee's trade-mark "Certified," as applied to its goods, is descriptive or otherwise, it nevertheless has the right to oppose the registration of appellant's trade-mark. Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., 49 F.(2d) 1068, 18 C. C. P. A. (Patents) 1507, and cases therein cited.

Counsel for appellant concedes that the words "Certified Perfect Diamonds," in his composite trade-mark, are used solely to perform the function of descriptiveness. It is contended, however, that, as those words have been disclaimed apart from the mark as shown, appellant is entitled to have his mark registered.

Appellant has appropriated appellee's mark, and has incorporated it as an essential feature in his composite trade-mark. Accordingly, if it be assumed that appellee's trade-mark is a technical, and not merely a descriptive, trade-mark, the fact that the word "Certified," together with the words "Perfect Diamonds," has been disclaimed, except when used in his composite trade-mark, is not of vital consequence, and would not confer upon appellant the right to register his mark. Walgreen Co. v. Godefroy Mfg. Co., 58 F. (2d) 457, 19 C. C. P. A. (Patents) 1150.

However, we need not give any great concern to the legal character of appellee's trade-mark. Appellant's mark, considered as a whole, is, in our opinion, merely descriptive of the character and quality of the goods on which it is used, and is therefore not registerable under the Trade-Mark Act of February 20, 1905, as amended. Rit Products Corporation v. Park & Tilford, 55 F.(2d) 436, 19 C. C. P. A. (Patents) 940; In re Pierce Arrow Motor Car Co., 55 F.(2d) 434, 19 C. C. P. A. (Patents) 999.

We are in accord with the conclusion reached by the Commissioner of Patents. For the reasons herein stated, his decision is affirmed.

Affirmed.