26 C.C.P.A.(Patents)

## MILES LABORATORIES, Inc., v. PEP- SODENT CO.

### Patent Appeal No. 4147.

Court of Customs and Patent Appeals.
June 5, 1939.

206

Rex Allen, Jr., all of Chicago, Ill., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding wherein the United States Commissioner of Patents affirmed a decision of the Examiner of Interferences dismissing appellant's opposition to the registration of appellee's trade-mark, application for which was filed on June 27, 1936, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.

The trade-marks involved are "Pepso-Seltzer" registration of which appellee applied for, and appellant's trade-mark "Alka-Seltzer," sometimes used in a horizontal line and sometimes used as follows: "Alka-Seltzer".

Appellant in its notice of opposition alleged registration of its mark in June, 1931; in said registration the mark appears in the following form: "Alka-Seltzer."

In its registration application appellee disclaimed the word "Seltzer" apart from the mark shown, and in appellant's registration the term "Seltzer" was disclaimed apart from the mark shown.

The marks of the respective parties are used upon substantially identical goods, viz., an "effervescent alkalizing" preparation.

Appellant alone took testimony.

The issue before the Patent Office was formed upon appellee's motion to dismiss appellant's notice of opposition, the ground being that "as appears from the face of the Notice of Opposition the trade-mark 'Pepso-Seltzer' of applicant is not deceptively or at all similar to * * * opposer's trade-mark 'Alka-Seltzer'."

Appellee elected to stand upon its motion to dismiss and waived the right to file an answer.

Only one question is before us for determination, viz., whether the marks of the respective parties are confusingly similar.

Appellant contends that its testimony shows non-use by appellee of its mark, but as this matter is not pleaded in appellant's

Chas. R. Allen, of Washington, D. C., for appellant.

Parkinson & Lane, of Chicago, Ill. (Wallace R. Lane, George Mankle, and J.

notice of opposition it will not be considered by us.

The Examiner of Interferences dismissed the notice of opposition, holding that when the marks of the parties are considered in their entireties it must be concluded that their concurrent use in trade would not be likely to result in confusion.

Upon appeal the commissioner affirmed the decision of the Examiner of Interferences, stating: "The only question for determination is whether or not the involved marks are so similar as to be likely to confuse the public or to deceive purchasers. I am clearly of the opinion that they are not. In each mark the word "Seltzer" is the name of the goods; and it seems to me that the prefixes "Pepso" and "Alka" are so widely different in all respects as to render the marks in their entireties sufficiently dissimilar to insure against any reasonable probability of confusion."

■ Appellant challenges the statement of the commissioner that "the word 'Seltzer' is the name of the goods" and insists that there is nothing in the record warranting this conclusion. While the commissioner may have been in error in that his statement was too broad, we are clear that the word "Seltzer" is descriptive of the character of the goods upon which appellant's mark is applied, and this word, standing alone, would be barred from registration under section 5 of said trademark act because descriptive.

Funk & Wagnalls New Standard Dictionary defines "Seltzer" as follows: "An effervescing alkaline mineral water, originally from Nieder Selters, a village in Prussia."

■ It is a matter of common knowledge that the word is used, both alone and in combination, applied to effervescing waters and preparations.

■ It is therefore our opinion that the portion of each mark consisting of the word "Seltzer" would furnish no indication to purchasers of the origin of the goods, and when such word is used in combination with another, non-descriptive, word or term, the latter would be the dominant part of the mark and would be relied upon to indicate origin of the goods to which the mark is applied.

■ In our decision in the case of American Brewing Co., Inc. v. Delatour Beverage Corporation, etc., 100 F.2d 253, 255, 26 C.C.P.A., Patents, ——, we said: "* * * It is true that the general rule is that marks should be regarded in their entirety, including disclaimed words, but we do not think it could well be argued that disclaimed descriptive words could ever constitute the dominant part of a mark."

■ In the case of Beckwith's Estate v. Commissioner of Patents, 252 U.S. 538, 546, 40 S.Ct. 414, 417, 64 L.Ed. 705, the court said: "* * * a disclaimer on the part of applicant that no claim is made to the use of the words 'Moistair Heating System' apart from the mark as shown in the drawing and as described, would preserve to all others the right to use these words in the future to truthfully describe a like property or result of another system, provided only that they be not used in a trade-mark which so nearly resembles that of the petitioner 'as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers' when applied 'to merchandise of the same descriptive properties' section 5."

It is clear to us that anyone has the right to use the disclaimed word "Seltzer" in a descriptive way, if descriptive of his merchandise, and appellant may not rely upon the word "Seltzer" in its mark as indicating origin of its goods; and, when used in combination with the word "Alka" the latter would be considered by purchasers as the dominant portion of the mark indicating origin.

To hold otherwise would result in appellant having practically a monopoly of the word "Seltzer" in a trade-mark.

We hold that in appellant's mark "Alka-Seltzer" the term "Alka" is the dominant portion thereof, and the term "Pepso" is the dominant portion of appellee's mark.

■ While it is true that in comparing trade-marks used upon goods of the same descriptive properties they must be considered in their entireties, it is not true that equal importance must in all cases be given to every part of a mark. To so hold could result in the destruction of valuable trademarks by adding descriptive words thereto.

In the case of Younghusband v. Kurlash Co., Inc., 94 F.2d 230, 231, 25 C.C.P.A., Patents, 886, we said:

"It is familiar doctrine that, in determining the question of confusing similarity of marks, they must be considered as a whole, but it does not follow that portions of marks which are similar must be given

equal weight with portions of marks which are dissimilar. In the case of Yeasties Products, Inc., v. General Mills, Inc., 77 F. 2d 523, 22 C.C.P.A., Patents, 1215, the marks 'Yeasties' and 'Wheaties' were involved, applied to goods not identical, but nevertheless possessing the same descriptive properties. We there said:

"'It is evident from the record, and no claim is made to the contrary, that appellee is not the exclusive owner of the suffix "ies." Accordingly, if the word "Yeast," of appellant's mark, is sufficiently dissimilar with the word "Wheat," of appellee's mark, so that, when considered as a whole, the marks are not confusingly similar, appellant is entitled to the registration of its mark.' * * *"

We are in accord with the decisions of the Patent Office tribunals that confusion in trade is not likely in the use by the parties hereto of their respective trade-marks.

Appellant contends that the record shows that appellee, before adopting its mark, had knowledge of appellant's mark, and endeavored to hire some of appellant's employees in the manufacture of appellee's goods.

The fact that appellee had prior knowledge of appellant's mark is immaterial; for appellee had the right to use the word "Seltzer" to describe its goods and to use it in combination with another term, so long as its mark as a whole indicated origin in appellee and was not confusingly similar to the mark of appellant, and its use of the word "Seltzer" can not be held to be evidence of a desire to profit by confusion with appellant's mark. Also, the mere fact that appellee endeavored to hire some of appellant's employees does not evidence any improper motive of appellee in adopting its mark.

Appellant's counsel have brought to our attention certain decisions of district courts of the United States wherein certain other trade-marks were held to be confusingly similar with appellant's mark. It is sufficient to say that, in so far as they may be pertinent to the issues here involved, we have given them consideration in arriving at our conclusion.

Upon oral argument before us the question was raised of whether the issue here involved had become moot by reason of the fact that in another opposition proceeding it has been finally determined that appellee is not entitled to regis-

tration of its mark upon the application here involved.

In the case of Pepsodent Co. v. Pepsinic Seltzer Co., 103 F.2d 362, 26 C.C.P.A., Patents, ——, we affirmed a decision of the Commissioner of Patents sustaining the opposition there involved and holding that appellee here was not entitled to register its mark upon the application here involved. Appellant was not a party to that proceeding and we do not think it may be considered here further than to say that, in affirming the decision of the commissioner upon the record before us, we do not hold that appellee's application must be allowed. This will be a matter for ex parte consideration by the Patent Office when appellee's application comes before it for final action, when our decision in the case of Pepsodent Co. v. Pepsinic Seltzer Co., supra, may be considered.

For the reasons herein stated, the decision of the commissioner is affirmed.

Affirmed.

BLAND, Associate Judge (specially concurring).

I concur in the conclusion of the majority only because I am of the opinion that taking the trade-marks as a whole the terms "Alka-Seltzer" and "Pepso-Seltzer" are not so similar that there would be likelihood of confusion by their concurrent use.

I am out of harmony with the views of the majority which hold that the words "Alka" and "Pepso" are the dominant portions of the respective marks and with the statement, supported by this court's decision in American Brewing Co., Inc. v. Delatour Beverage Corporation, etc., 100 F.2d 253, 26 C.C.P.A., Patents, ——, to the effect that descriptive words could never constitute the dominant portion of a mark. The dominant portion would seem to be that portion which would be most noticeable and would dominate over the other portions of the mark. It is needless to call attention here to the fact that the commerce of our country employs countless marks, the dominant portions of which are descriptive. Usually such a mark indicates origin by reason of the fact that it as a whole is not confusingly similar to other marks. We must look at the mark as a whole. It is true that in doing so we have a right to analyze its different features in order to properly consider the characteristics of the mark.