30 C.C.P.A. (Patents)

## ROSENGART v. OSTREX CO., Inc.
### Patent Appeals No. 4720.

Court of Customs and Patent Appeals.

May 3, 1943.

Asher Blum, of New York City (Charles R. Allen, of Washington, D. C., and Hugo Mock and Alex Friedman, both of New York City, of counsel), for appellant.

Richard L. Underwood, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming the decision of the Examiner of Interferences sustaining the petition of Ostrex Company, Inc., for cancellation of trade-mark registration No. 343,513, dated February 23, 1937, in the name of Sylvain Rosengart, which is assigned to the appellant, Euromerica Medical Products, Inc. The trade-mark sought to be cancelled is the notation "Optrex" for a "liquid treatment for diseases and affections of the eyes."

The petitioner-appellee relied upon registration No. 332,107, issued February 4, 1936, to one Joseph Breyer for the mark "Ostrex Tonic" (the word "Tonic" being disclaimed) for a "general health tonic, in tablet form." This mark was, by its registrant, duly assigned to appellee herein on July 7, 1936, and on July 11, 1936, said assignment was recorded in the United States Patent Office under the authority of section 10 of the Trade-Mark Act of February 20, 1905, 15 U.S.C. § 90, 15 U.S.C.A. § 90. The instrument bears a notary public's certificate of acknowledgment.

Petitioner-appellee took no testimony in the instant case, but it was permitted, under Patent Office Rule 157, 35 U.S.C.A. Appendix, to use testimony taken in Oppositions No. 17,022 and 17,302, Ostrex Company, Inc. v. Euromerica Medical Products, Inc., reported in 40 U.S.P.Q. 297, 499 O.G. 792. In said opposition proceedings, appellant herein was denied registration of two new "Optrex" marks. Appellant there based its right to register the the new marks upon its claimed ownership of the registered marks "Optraex" and "Optrex," the latter of which is involved in this appeal.

In said opposition proceedings, the petitioner-appellee herein relied upon its said registered mark "Ostrex." The deposition

of Joseph Breyer, the registrant of that mark, was introduced, and it shows that he was president of the Ostrex Company, Inc., and since 1934 had been doing business as the Ostrex Company; that the company is a corporation and at the time of testifying was using the "Ostrex" mark. The certificate of registration was introduced. Breyer testified that the mark had been sold to the Ostrex Company, Inc., and the deed of assignment from Joseph Breyer to the Ostrex Company, Inc., was offered in evidence and marked "Opposer's Exhibit No. 6." The said document, on its face, shows that the written assignment was duly recorded in the United States Patent Office in accordance with the provisions of said statute and that the assignment had been acknowledged before a notary public.

Much of the testimony introduced by the opposer in the said opposition proceedings is objected to by appellant here as being hearsay in character. On this question the Commissioner of Patents said: " * * * Apparently the examiner considered only such portions of the testimony as were relevant and material, and I have done likewise. In so doing I have necessarily excluded from consideration all evidence to which counsel now object as hearsay, because it has no bearing upon any issue here presented. In so far as relevant and material, it was properly used under the express terms of the rule."

Appellant's main contention here is to the effect that a naked assignment of a registered trade-mark, without proving the execution of the assignment, is not sufficient to show the ownership or use of the mark at the time of filing the petition for cancellation.

The Examiner of Interferences held that the opposition proceedings "related to substantially the same issues and upon the record here presented the nature thereof may only be ascertained from the rulings made by the examiner and the Commissioner in Opposition No. 17,022, copies of which rulings accompanied petitioner's brief."

The question of failing to prove ownership of the "Ostrex" mark seems not to have been seriously considered before the examiner, but it was pressed before the commissioner, and he held that the rulings in the opposition proceedings were res judicata of the question of ownership of the marks. He further held that regardless of the former judgment, appellant's registra-tion should be cancelled upon the merits of the question.

No issue was there raised or is here raised with reference to the confusing similarity between the marks "Ostrex" and "Optrex," nor is it questioned but that the goods upon which the marks are used are of the same descriptive properties, and we deem it unnecessary to discuss this phase of the case.

The commissioner's decision reads in part as follows:

"Respondent points out that the instant proceeding was commenced some two years after petitioner's testimony was taken, and contends that petitioner thus failed to establish use of its mark at or about the time the petition to cancel was filed. In support of this contention is cited the case of Old Monk Olive Oil Co. v. Southwestern Coca-Cola Bottling Co., 118 F.2d 1015, 28 C.C.P.A., Patents, 1091, 49 U.S.P.Q. 192, where it was held by the Court of Customs and Patent Appeals that testimony taken five years before a petition for cancellation was filed did not prove use of the petitioner's unregistered trade-mark at the time of filing. The case is not in point, for the reason that the present petitioner's mark is registered. There being no evidence to the contrary, its registration proves ownership, and ownership implies use. Ely & Walker Dry Goods Co. v. Sears, Roebuck & Co., 90 F.2d 257, 24 C.C.P.A., Patents, 1244. Respondent challenges the sufficiency of petitioner's proof that it owns the registration here in question, but in my opinion such ownership is amply established.

"For the reason stated the decision of the examiner of interferences is affirmed."

On the question raised by appellant with reference to the alleged failure to prove the legal execution of the assignment from Joseph Breyer to the Ostrex Company, Inc., we are of the opinion that in view of the statute on the subject of trade-mark assignments and of the provisions for recording assignments in the Patent Office, the introduction of such assignment under the circumstances shown in this record made a prima facie case, proving that the ownership of said mark was in appellee from the date of its assignment. A similar question was before this court in Goodyear Tire & Rubber Co. v. C. Kenyon Co., Inc., 56 F.2d 670, 671, 19 C.C.P.A., Patents, 1037. We there said:

"Only the appellee took testimony in the case, but appellant filed printed copies of a

number of its registrations with certified copies of the abstracts of title thereto.

"These are deemed sufficient to establish ownership of the marks claimed by appellant."

To hold that the execution of an assignment of a trade-mark, where the assignment was acknowledged and duly recorded in the Patent Office in accordance with law, had to be proved, it seems to us, might result in very great hardships. The execution of many such assignments could not possibly be proved by any living witness. The assignment may not be conclusive upon such fact when questioned, but such a document as we have described here, we think, should be sufficient to make a prima facie case of ownership of the mark so assigned. The cases relied upon by appellant are either not in point or are not controlling.

Section 16 of the Trade-Mark Act of February 20, 1905, 15 U.S.C. § 96, 15 U.S.C.A. § 96, provides, among other things: "That the registration of a trademark under the provisions of this act shall be prima facie evidence of ownership. * * *"

■ Appellant argues, in effect, that while the statute makes registration prima facie evidence of ownership of the mark by the party who registered it, unless the assignment is properly proved, no title in the assignee is shown. It seems to us that where a mark has been duly registered and assigned and the assignment is acknowledged before a proper officer and recorded in the manner and place provided for by the statute, it properly shows a transfer of title and makes a prima facie case that the mark, on and after the date of the assignment, is owned by the assignee. One who owns a mark is presumed to be using it because a mark ceases to be owned when it is not used in connection with a business, and if the registration is prima facie evidence of ownership and use, it would seem to follow that an assignment of the same, made and recorded in accordance with the statute, gives further evidence of use or negatives abandonment of the mark. We think the commissioner properly held: " * * * There being no evidence to the contrary, its registration proves ownership, and ownership implies use. Ely & Walker Dry Goods Co. v. Sears, Roebuck & Co., 90 F.2d 257, 24 C.C.P.A., Patents, 1244. * * *"

Section 10 of the Trade-Mark Act of February 20, 1905, 15 U.S.C. § 90, 15 U.S. C.A. § 90, provides as follows: "That every registered trade-mark and every mark for the registration of which application has been made, together with the application for registration of the same, shall be assignable in connection with the good will of the business in which the mark is used. Such assignment must be by an instrument in writing and duly acknowledged according to the laws of the country or State in which the same is executed; any such assignment shall be void as against any subsequent purchaser for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from date thereof. The commissioner shall keep a record of such assignments."

The comparable statute relating to patent assignments, R.S. § 4898, 35 U.S.C. § 47, 35 U.S.C.A. § 47, reads:

"Every patent or any interest therein shall be assignable in law by an instrument in writing, and the patentee or his assigns or legal representatives may in like manner grant and convey an exclusive right under his patent to the whole or any specified part of the United States. An assignment, grant, or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from the date thereof or prior to such subsequent purchase or mortgage.

"If any such assignment, grant, or conveyance of any patent shall be acknowledged before any notary public of the several States or Territories or the District of Columbia or any commissioner of any court of the United States for any District or Territory, or before any secretary of legation or consular officer authorized to administer oaths or perform notarial acts under section 1750 of the Revised Statutes [U.S.C., title 22, sec. 131], the certificate of such acknowledgment, under the hand and official seal of such notary or other officer, shall be prima facie evidence of the execution of such assignment, grant, or conveyance."

■ Where a trade-mark has been registered and assigned, the assignment being acknowledged before a proper officer in accordance with the statute and placed of record agreeable to the provisions of the

statute, such assignment should be regarded as prima facie evidence of the assignee's ownership of the mark. If such an instrument is introduced in evidence, in our opinion it is sufficient proof upon which to base a claim of ownership and use of a mark in a proceeding such as at bar. In this view we are supported by the weight of authority, and it seems that, for the most part, the question as to whether an assignment of a trade-mark is prima facie evidence of its execution depends upon whether or not it has been duly acknowledged before an authorized officer and thereafter recorded in accordance with the statute.

In 1 C.J.S., Acknowledgments, § 26, p. 810 we find the following:

"Ordinarily, under the statutes, a duly executed certificate of acknowledgment is prima facie evidence of the due execution and delivery of the instrument, although not conclusive.

"A certificate of acknowledgment by a duly authorized officer or a certificate of acknowledgment together with the recording is prima facie evidence of due execution of the instrument acknowledged, which may be sufficient to support a finding of due execution as against contradicting parol evidence. So, where a certificate of acknowledgment states that the grantor acknowledged the deed, it is some proof of the genuineness of his signature. * * *"

Walker on Patents, Vol. 2, pp. 1406, 1407, has the following to say in connection with patent assignments (a number of authorities are cited): "Though an assignment, grant, or conveyance is fully executed by the signature of the assignor * * *, its subsequent proof is facilitated by a certificate of acknowledgment, made by a notary public or other magistrate, under the statute; for such a certificate is prima facie evidence of the genuineness, and of the execution, of the assignment, grant, or conveyance to which it is attached or otherwise made applicable. * * *"

It is true, Walker was there speaking particularly of patent assignments, and it has been pointed out that the language of R.S. § 4898, supra, relating to certificates being prima facie evidence of the execution of the assignments, was directed toward patent assignments only, while section 10 of the Trade-Mark Act of February 20, 1905, supra, with which we are more particularly concerned here, differs in some respects from the patent assignment statute. It also appears that the Patent Office tribu-

nals have at times called attention to this difference in the language employed in the two statutes devoted to assignments. See Anacin Company v. Wm. S. Merrell Company, 31 U.S.P.Q. 236; H. D. Bob Company, Inc. v. Kresge Department Store, 35 U.S.P.Q. 32. We think that, regardless of any inference that may be drawn from the fact that Congress used different language in the two provisions, it should be held that a document such as the one at bar, when introduced in evidence, is prima facie evidence of its execution. This holding, we think, is abundantly supported by the weight of authority. For a somewhat related discussion on patent assignments, see Wigmore on Evidence, § 1657.

Appellant contends that the commissioner erred in holding that the issues in the instant cancellation proceeding were res judicata by reason of the former opposition proceedings, and that he also erred in holding that "even though the former judgment be disregarded," the registered mark "Optrex" should be cancelled upon the merits. In view of the fact that we are in agreement with the conclusion of the commissioner that the mark "Optrex" should be cancelled upon the merits of the case as shown by the instant record, it is not necessary for us to pass upon the correctness of the commissioner's ruling on the subject of res judicata.

On the question of the duty of the petitioner for cancellation to prove the use of its mark at the time of filing the petition, appellant relies to a great extent upon the decision of this court in Old Monk Olive Oil Co. v. Southwestern Coca-Cola Bottling Co., etc., 118 F.2d 1015, 28 C.C.P.A., Patents, 1091, in which we referred to our ruling in Model Brassiere Co., Inc. v. Bromley-Shepard Co., Inc., 49 F.2d 482, 18 C.C.P.A., Patents, 1294. Even a superficial examination of the facts involved there shows that they are not on all fours with the facts presented here. In neither of those cases were we speaking of a registered mark. Moreover, in the Old Monk Olive Oil Co. case, there was no attempt to show a use of the mark or the right to use it during the period beginning five or six years before the cancellation proceedings were instituted. The facts are different here. The incorporated record shows that the registered mark "Ostrex" was, by the registrant (who was president of the Ostrex Company), transferred to his company a little over three years prior to the

254

filing of the instant petition for cancellation, but during approximately two years of the intervening time the opposition proceedings hereinbefore spoken of were in progress, and those proceedings were based upon the Ostrex Company's ownership and use of its said registered mark.

As to appellant's contention that much of the evidence in the record is hearsay, it seems to us that it is sufficient to say that such hearsay matters were not given consideration by the tribunals below and that appellant has not been injured in any manner by the inclusion of the same in the instant record.

We are of opinion that the commissioner did not err in holding upon the merits of the controversy that appellant's mark should be cancelled, and his decision so holding is affirmed.

Affirmed.

LENROOT, J., concurs in the conclusion.