31 C.C.P.A. (Patents)

## MILES LABORATORIES, Inc., v. FOLEY & CO.

### Patent Appeal No. 4908.

Court of Customs and Patent Appeals.
June 26, 1944.

Rehearing Denied Oct. 2, 1944.

Edward S. Rogers, William T. Woodson, James H. Rogers, and Thomas L. Mead, Jr., all of Chicago, Ill., for appellant.

James R. McKnight, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents (57 U.S.P.Q. 44) in a trade-mark cancellation proceeding.

On September 9, 1941, appellant secured registration (No. 390,138) under the Act of February 20, 1905, 15 U.S.C.A. § 81 et seq. of the notation "Vitamiles" as a trademark for "vitamin tablets," the application therefor having been filed April 21, 1941, with use claimed "since April 11, 1941."

Six days after the registration—that is, on September 15, 1941—appellee filed a petition for cancellation of the mark so registered in which it was alleged, in substance, that appellee was the owner of trade-mark registration No. 355,905, comprising the word "Vitabuild," registered April 5, 1938, under the Act of February 20, 1905, for "Vitamin Compound of Vitamins A, B, D and G for General Tonic Use"; that it had begun use of the mark long prior to the date of first use claimed by appellant of its mark; that the goods of the respective parties are identical, or are of the same descriptive properties, and that the concurrent use of the marks will cause confusion in the minds of purchasers and deceive them as to the origin of the goods with resultant "damage and loss" to petitioner.

Appellant's answer admitted the issuance of appellee's pleaded registration, and that the goods of the respective parties possess the same descriptive properties, although claiming that they are not identical. Certain of the allegations of the petition were denied and reference to them, so far as deemed pertinent, is hereinafter made. As a part of its answer appellant included an extensive list of marks containing the word "Vita," alleged to have been registered, and claimed that many of them were for use on goods of the same descriptive properties as the goods of the parties to the instant controversy. Appellant does not rely on those marks here, so far as its reasons of appeal disclose, but it may be stated that the commissioner correctly held that they could not be considered.

Neither party took testimony, but briefs were filed below and, apparently, oral arguments were also presented at least before the Examiner of Trade-Mark Interferences. He denied the petition for cancellation and recommended that registration No. 390,138 "be not cancelled."

Petitioner (appellee here) thereupon appealed to the commissioner, who (speaking through an assistant commissioner) reversed the decision of the Examiner of Trade-Mark Interferences, and the instant appeal followed.

Appellant alleges errors on the part of the commissioner, stated in eleven reasons of appeal. In its brief before us, under the heading of "Points of Law and Fact to be Discussed," appellant sets forth two general contentions as follows:

"(1) Vitamiles is not confusingly similar to Vitabuild when used on specifically different vitamin preparations.

"(2) Petitioner has not shown injury within the meaning of Section 13 of the Statute."

With respect to the first contention so stated, we point out that both the Examiner of Trade-Mark Interferences and the commissioner found the goods to be "substantially identical." The former based his finding in that regard upon the statements embraced in the certificates of registration themselves. The latter stated:

"* * * it appears from an exhibit attached to the petition, and seems to be conceded by respondent, that petitioner's product, like respondent's, is sold in tablet form. The goods of the parties are thus substantially identical in kind, and judicial notice may be taken of the fact that they are directly competitive."

No one of appellant's reasons of appeal even hints that the findings of fact so made were erroneous, and, as has been stated, appellant admitted in its answer that the goods are, at least, of the same descriptive properties. So, appellant's contention in that regard need not be further considered.

With respect to the second contention to the effect that the petitioner has not shown injury within the meaning of sec-

tion 13, it appears to be appellant's theory that it was necessary, as a matter of law, for petitioner to take testimony which would prove ownership and use of its mark as alleged in its petition, such, it is claimed, being placed in issue by denials in appellant's answer.

The theory was presented before the commissioner who disposed of it as follows:

"* * * respondent admits the issuance of the registration pleaded, but denies petitioner's ownership and use of the registered mark. As pointed out by the Court of Customs and Patent Appeals in Ely & Walker Dry Goods Co. v. Sears, Roebuck & Co., 90 F.2d 257, 24 C.C.P.A., Patents, 1244, registration of a mark under the Act of 1905 is prima facie evidence of ownership, and ownership implies use. And while that was an opposition proceeding, "similar rules, in so far as the same may be applicable, having in mind the nature of such proceedings, are applicable in opposition and cancellation proceedings." Derby Oil Co. v. White Star Refining Co., 62 F.2d 984, 986, 20 C.C.P.A., Patents, 816; American Cyanamid Co. v. Synthetic Nitrogen Products Corp., 58 F.2d 834, 19 C. C.P.A., Patents, 1235. There being no evidence to the contrary, the fact that petitioner was using its mark at or about the time of filing its petition to cancel is thus sufficiently established by the record."

Appellant's reasons of appeal Nos. 6, 9, and 10 read:

"(6) Error in holding in effect that petitioner for cancellation has proven damage by alleging ownership of a mark not confusingly similar to appellant's mark;"

"(9) Error in holding damage to be established solely by a registration of a mark not considered similar by either the Examiner of Trade-Marks, or the Examiner of Interferences for Trade-Marks;

"(10) Error in failing to find that petitioner has proved no such facts as show it had suffered injury at the time of filing its petition to cancel."

While the foregoing allegations of error do not specifically challenge the correctness of the commissioner's holding above quoted, they, taken with allegations in others of the reasons of appeal, are deemed sufficient to raise the general issue of whether the marks are confusingly similar, which, upon the record before us, is the really vital issue in the case. If they are confusingly similar we think it clear that injury to appellee resulted from the registration, and that it should be cancelled, but if not confusingly similar appellee was not injured, and the action of the Examiner of Trade-Mark Interferences in dismissing the petition for cancellation should be sustained.

There is presented here, as is presented in many cases, a situation where a well known and commonly used term (in this case "Vita"), having a well understood significance, is combined with another term to constitute a trade-mark. It is a fair presumption that the second part—"miles"—of appellant's notation is taken from its corporate name, and is intended to indicate to purchasers that the vitamins marked "Vitamiles" originated with appellant. It is also fair to assume that the term "build" in appellee's mark is intended to suggest that the vitamins bearing the mark "Vitabuild" have the effect of "building up" or strengthening the physical organism.

While it is true that marks must be considered as a whole, nevertheless, in order to arrive at any intelligible understanding of them in cases such as this, it is necessary to look to the meaning or significance of parts of them in order to determine the dominant part.

We do not think that either party to this controversy could successfully contend that it is entitled to preempt the field with respect to marks having "Vita" as a portion thereof, and thus exclude all others from the use of any mark composed in part of that term, and it seems to us that "miles" and "build," in fact, constitute the dominant features of the marks before us. It further seems to us that the complete marks, when the significance of each is properly considered, are distinctive in character and that confusion is not likely to result from their concurrent use on similar goods.

The principle followed by this court in the case of Yeasties Products, Inc. v. General Mills, Inc., 77 F.2d 523, 22 C.C.P. A., Patents, 1215, is deemed pertinent here.

For the reasons indicated, we disagree with the conclusion of the commissioner and his decision is reversed.

Reversed.