34 C.C.P.A. (Patents)

## CHARLES OF THE RITZ, Inc., v. ELIZABETH ARDEN SALES CORPORATION.

### Patent Appeal No. 5282.

Court of Customs and Patent Appeals.
April 22, 1947.

Howard Rosenberg, of New York City (Maxwell E. Sparrow, of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents, 66 U.S.P.Q. 420, affirming the decision of the Examiner of Interferences sustaining appellee's petition for the cancellation of appellant's registered trade-mark "Feather Touch" for use on toilet cream.

Appellant's mark was registered September 29, 1942, on an application filed June 10, 1942. It was claimed in appellant's application that appellant had used its mark on its goods since June 5, 1942.

Appellee's trade-mark—"Ardena Feather-Light Foundation Cream—for use on face cream, was registered December 22, 1942, on an application filed May 13, 1941. It was claimed in appellee's application that appellee had used its mark on its goods since February 28, 1940.

Subsequent to the filing of appellee's application for registration of its mark, the Examiner of Trade-Marks required appellee to disclaim the words "Light and "Foundation Cream" apart from the mark as shown, and it appears from appellee's registration that those words were disclaimed apart from the mark as shown, "for registration purposes only."

Each of the parties relied upon its registration and no evidence was introduced by either.

It was conceded in appellant's answer to appellee's petition for cancellation that the goods of the respective parties possessed the same descriptive properties.

Each of the tribunals of the Patent Office held that as appellee was the first to file its application, and as its application was filed long prior to the filing date of appellant's application and appellant's record date of use, it was unnecessary that appellee submit evidence other than his registration for the purpose of establishing its

Mock & Blum, of New York City (Asher Blum, of New York City, and Charles R. Allen, of Washington, D. C., of counsel), for appellant.

priority of use and its ownership of its mark.

In support of his holding, the Examiner of Interferences relied upon the case of Rosenberg Co. v. Phillips-Jones Co., Inc., 1921 C.D. 81, and General Baking Co. v. Commander-Larabee Corp., 82 F.2d 427, 23 C.C.P.A. (Patents) 973, and the commissioner relied upon the cases of Titus v. Burton & Ciomei, 1921 C.D. 97, and General Baking Co. v. Commander-Larabee Corp., supra.

Each of the tribunals of the Patent Office held that the notation "Feather-Light" is an essential part of appellee's mark; that "Feather-Light" in appellee's mark, and appellant's mark "Feather Touch" were capable of indicating origin of their respective goods; and that, as those terms were substantially identical in meaning, the marks of the parties were confusingly similar and, accordingly, sustained appellee's petition for cancellation of appellant's mark.

In his decision, the commissioner stated that, to paraphrase certain language in the case of Nehi Corporation v. House-Hold-Pac Corporation, 143 F.2d 613, 31 C.C.P.A. (Patents) 1101, he was "not disposed to speculate at any great length upon the question of how petitioner's [appellee's] goods may be called for by purchasers." He further stated that "It seems entirely clear to me * * * that 'Feather-Light' is an essential element of petitioner's [appellee's] mark. And despite respondent's [appellant's] contention to the contrary, proof of that fact was unnecessary, since it is a matter determinable from mere inspection." In support of that statement, the commissioner cited the case of Mishawaka Rubber & Woolen Mfg. Co. v. The H. C. Godman Co., 119 F.2d 425, 28 C.C.P.A. (Patents) 1116.

It is argued here by counsel for appellant that as the respective registrations of the parties were copending, and as appellant's registration was the first to be issued, it is entitled to a presumption of "validity and non-conflict" with appellee's registered trade-mark; that as the tribunals of the Patent Office failed to declare an interference between the applications of the parties, such failure is "equivalent to a decision" that the marks are not confusingly similar; that as appellee submitted no testimony to establish how its goods were called for by the purchasing public, it should be presumed that its goods would be called for by its entire mark "Ardena Feather-Light Foundation Cream"; and that the holding of the tribunals of the Patent Office that the notation "Feather-Light" is an essential part of appellee's trade-mark and confusingly similar to appellant's mark "Feather Touch" is not supported by the record.

It is further argued by counsel for appellant that the word "Ardena" is the dominant part of appellee's trade-mark and that the notation "Feather-Light" is merely descriptive of appellee's goods and, therefore, is not the dominant part of appellee's mark. In support of the latter argument, counsel for appellant state that "Featherlight is one word"; that "As the descriptive nature of a word cannot be destroyed by misspelling, the unity of some syllables of a word cannot be eliminated by placing a hyphen between the syllables"; and that the word "feathery" is synonymous with the word "light," and the word "featheriness" is defined in Webster's New International Dictionary as "a state or quality of being feathery or light."

Counsel for appellant have cited many cases by this and other courts which hold that a notation or term in a trade-mark which is merely descriptive of the goods on which the trade-mark is used, cannot indicate origin. It is unnecessary that we refer to those cases because this court has frequently held to that effect.

The claim made by counsel for appellant that the notation "Feather-Light" is one word and that it is descriptive of appellee's goods and that its descriptive nature cannot be destroyed by misspelling or by placing a hyphen between the syllables is, in our opinion, not correctly stating the facts. The notation "Feather-Light," or as counsel for appellant puts it, "Featherlight" is not an ordinary dictionary term. On the contrary, appellee has combined the term "feather," which standing alone has no significance as to weight, with the word

"light" and has, therefore, coined an arbitrary word. Appellee's trade-mark does not contain the words "feathery" or "featheriness" which counsel for appellant assert in their brief are descriptive and synonymous with "light" or has the "quality of being feathery or light."

It is clear from the decisions of the tribunals of the Patent Office that they considered the notation "Feather-Light," as used in appellee's trade-mark, as highly suggestive but not merely descriptive of appellee's goods. On the record presented, we are unable to hold that the tribunals of the Patent Office erred in that respect.

We are in agreement with the tribunals of the Patent Office that as appellee was the first to file its application for registration, and that as its claimed first use set forth therein is long prior to the claimed first use in appellant's application, appellee's registration is prima facie proof that it was the owner of its registered mark. See Rosenberg Co. v. Phillips-Jones Co., Inc., supra, and General Baking Co. v. Commander-Larabee Corp., supra.

We are also in agreement with the views expressed by the tribunals of the Patent Office that appellant's trade-mark "Feather Touch," which is also highly suggestive of appellant's cream, is confusingly similar to the notation "Feather-Light" in appellee's trade-mark and that, considering the trade-marks of the parties as a whole, the concurrent use of the trade-marks of the respective parties on their goods would be likely to cause confusion in the minds of the public and deceive purchasers. In so holding, we have taken into consideration that the notation "Feather-Light" in appellee's mark is preceded by the word "Ardena."

In view of the fact that the notation "Feather-Light" has trade-mark significance, as used in appellee's mark, it is not of vital importance that the term "Light" has been disclaimed along with the words "Foundation Cream." Nehi Corporation v. House-Hold-Pac Corporation, supra.

Furthermore, as stated in the decision of the Commissioner of Patents, the registration of appellant's mark and the failure of appellee to file a notice of opposition to that registration does not in any way affect the right of appellee to petition for cancellation of appellant's registration. Williams Oil-O-Matic Heating Corporation v. The Butler Co., 39 F.2d 693, 17 C.C.P.A. (Patents) 934; White House Milk Products Co., etc. v. Dwinell-Wright Co., 111 F.2d 490, 27 C.C.P.A. (Patents) 1194.

On the record presented, we are unable to hold that the tribunals of the Patent Office reached the wrong conclusion.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Judge, specially concurring.

The majority's opinion is sound and properly affirms the clear and logical decision of First Assistant Commissioner Leslie Frazer. However, the following portion of the opinion is unnecessary in view of the fact that all agree that no part of the marks is descriptive:

Counsel for appellant have cited many cases by this and other courts which hold that a notation or term in a trade-mark which is merely descriptive of the goods on which the trade-mark is used cannot indicate origin. It is unnecessary that we refer to those cases because this court has frequently held to that effect.

A great number of very valuable and well-known trade-marks are clearly descriptive of the goods upon which they are used and serve to indicate origin, some of them by reason of secondary meaning. While secondary meaning does not help an applicant for registration under the 1905 Trade-Mark Act, 15 U.S.C.A. § 81 et seq., it is not quite proper to say that a part of a trade-mark which is descriptive cannot indicate origin. It may, to say the least, help to indicate origin. It is true, however, that this and other courts have used broad language in this connection and have not gone to the trouble of pointing out that there are exceptions to such a rule. I have in most cases dissented where a majority expressed such views. The Personal Products Corp. v. Allen Laboratories, Inc., 141 F.2d 702, 31 C.C.P.A. (Patents) 889, 894

It would be difficult to point out which part of the mark "Coca-Cola", both being descriptive, indicates origin or helps to indicate origin.

The statement of the majority properly applies where a mark such as "Arrow Beans" is involved, because "Beans" is not only descriptive but is the name of the goods and, of course, that portion of the mark does not indicate origin. But take the mark "Arrow-Line" and apply it to goods like a line of shirts; the word "Line", although descriptive, becomes an integral part of the mark and serves to indicate origin.