37 C.C.P.A.(Patents)
**RITE-RITE MFG. CO. v. RITE-CRAFT CO.**

**Patent Appeals No. 5667.**

United States Court of Customs and Patent Appeals.

April 3, 1950.

Armand A. Cyr, Washington, D. C. and Herbert J. Jacobi, New York City, for appellant.

No appearance for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

JACKSON, Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents, 76 USPQ 274, affirming that of the Examiner of Interferences, holding that appellee is entitled to register the mark "RITE-CRAFT" under the Trade-Mark Act of 1905, 33 Stat. 724, as amended, as applied to pens and wood cased and mechanical pencils.

Appellant in its notice of opposition alleged that the trade-mark sought to be registered constitutes an appropriation of the dominant portion of appellant's corporate name, and so nearly resembles its mark as to be likely to cause confusion and mistake in the mind of the public and to deceive purchasers.

A stipulation of facts was filed in lieu of testimony, and both parties filed briefs and were represented by counsel at the hearing. In the stipulation it was admitted that appellant and its predecessors since 1921 have been engaged in the manufacture of fountain pens, mechanical pencils, pencil leads, pencil clips and erasers, and have been distributors and sellers of such items; that its trade-mark "RITE-RITE" has been applied to articles and packages containing its products, and the mark has been used in literature and advertising matter relating there-

to; that after the year 1939 appellant started using the name "DIXON RITE-RITE" on some of its products, and since then both marks have been used concurrently, each on different types of goods; that appellant is a subsidiary of Joseph Dixon Crucible Company; that appellant's trade-mark "RITE-RITE" was duly registered April 17, 1923, but that said registration had been allowed to lapse and an application to reregister was filed in the United States Patent Office on May 15, 1945, and was pending at the time the stipulation was made.

Because the products of the respective parties possess the same descriptive properties, the examiner held the only issue of the case to be whether or not the mark of appellee bears such close resemblance to the mark of appellant that it would be likely to result in confusion in trade.

The Examiner of Interferences did not refer to the alleged appropriation of the principal part of appellant's corporate name, and in the appeal to the commissioner no error was alleged in that respect, and likewise no such error is alleged in the reasons of appeal from the decision of the commissioner to this court.

It appears that subsequent to the final hearing and prior to the date of the decision of the examiner, appellant's trade-mark "RITE-RITE" was reregistered under the Trade-Mark Act of 1905, numbered 425,-515, under date of November 26, 1946.

In view of the new registration of appellant's trade-mark, a motion for reconsideration of the examiner's decision was filed. The motion was denied on the ground that the only issues which could be properly determined were those presented by the pleadings, and that the new registration could not be pleaded in the notice of opposition, nor could it be amended subsequently under the situation then obtaining. In support of his holding, the examiner cited the decisions of the Commissioner of Patents in The Scholl Mfg. Co., Inc. v. Simon, 72 USPQ 518, and Juliana Underwear Company v. Drittel, 65 USPQ 255. He stated that even if the new registration of appellant were entitled to consideration, it would not warrant any material modification of his final decision

for the reason that the significance of the term "Rite" involved a question of fact which in no way could be affected by the existence of any registered mark which included that term.

In dismissing the notice of opposition, the examiner stated that the prefix "RITE," appearing in the marks of both parties would ordinarily have the same meaning as the word "write," and because of such meaning the term "Rite" is descriptive, and therefore not subject to exclusive appropriation by any dealer in goods similar to those of the parties. In that connection, among others, he cited the case of Chicago Pneumatic Tool Co. v. The Black & Decker Manufacturing Co., 39 F.2d 684, 17 C.C.P. A., Patents, 962. He further stated that it seemed probable to him that the mark of appellant as a whole would be understood to possess the meaning of "Write Right." He noted that the only feature of identity between the marks of the parties was the term "Rite," and that the second syllable of the mark of appellee, "Craft," is arbitrary, and that that portion of the mark would be principally relied upon by the purchasing public to identify appellee's goods. Because the examiner held the first syllable of appellee's mark, "Rite," to be descriptive, he adjudged the mark sought to be registered would only be entitled to registration when a disclaimer of that term had been filed. Within four days after the date of the examiner's decision, such disclaimer was filed and the question of its sufficiency was deferred for consideration by the Examiner of Trade-Marks in the event that appellee finally prevailed. He held that the marks may be concurrently used by the parties without likelihood of confusion in trade, citing Miles Laboratories, Inc. v. Foley & Company, 144 F.2d 888, 32 C.C.P.A., Patents, 714; Philip A. Hunt Company v. Eastman Kodak Company, 140 F.2d 166, 31 C.C.P.A., Patents, 852; Hall v. Pennzoil Co., Etc., 126 F.2d 506, 29 C.C.P.A., Patents 933.

The commissioner in his decision fully agreed with all of the holdings and the reasoning of the examiner. In our opinion the decisions below are without error.

We cannot understand how any purchaser of a lead pencil or a fountain pen, which

228

had applied to it as a mark the word "Rite," could imagine that such term meant anything except that it was a misspelling of the word "write." It is clearly descriptive of the character of the goods of both parties. We also agree that the second registration of the mark by appellant cannot affect a decision in the present proceeding, for the reason that it was conceded by appellee that appellant had priority and continued use of its mark.

From what has hereinbefore been stated, we are of opinion that each of the marks may be used by the respective parties without likelihood of confusion and mistake in the mind of the public or deception of purchasers.

The decision of the Commissioner is affirmed.

Affirmed.