43 C.C.P.A.(Patents)

**The MAY DEPARTMENT STORES COMPANY, Appellant,**

**v.**

**SCHLOSS BROS. & CO., Inc., Appellee.**

**Patent Appeal No. 6188.**

United States Court of Customs and Patent Appeals.

June 20, 1956.

Theodore W. Miller, Chicago, Ill., for appellant.

No brief and no appearance for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE and JACKSON, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents reversing a decision by the Examiner of Interferences which had sustained a petition of The May Department Stores, appellant here, for cancellation of registration No. 530,091, granted September 5, 1950, to Schloss Bros. & Co., Inc., appellee here, for the trademark "Duro-Style Fabrics" for men's and young men's suits and topcoats, the words "Style Fabrics" being disclaimed "apart from the mark shown in the drawing." The petition was based on registration No. 262,704, granted October 22, 1929, to Kauffman Department Stores Inc., of Pittsburgh, Pennsylvania, renewed October 1949 to the May Department Stores Company, and republished under the Act of 1946, 15 U.S.C.A. § 1051 et seq., by that company for the trademark "Durosheen" for men's dress and work shirts.

The Examiner of Interferences noted that an official copy of registration No. 262,704 had been made of record; that the goods described therein are so closely related to those described in the registration sought to be cancelled that their sale under the same or similar marks would lead purchasers to suppose they emanated from a common source; thus the only question remaining was whether the marks are confusingly similar. He sustained the petition on the ground that since the words "Style Fabrics" and "sheen" are descriptive and/or generic terms as applied to wearing apparel, the term "Duro" constitutes the dominant feature of each of the marks and concluded that the marks are confusingly similar.

In reversing that holding, the Assistant Commissioner, after noting that "There is no record other than the pleadings, the registrations of the parties and copies of some 35 registrations embodying the syllables 'Duro' which were introduced by respondent under Rule 232," said

"In a cancelation proceeding involving marks which are not the same, and goods which are not the same, as is the case here, a petitioner has the burden of proving facts sufficient to overcome the respondent's prima facie showing, as evidenced by its registration, of ownership of the mark, validity of the registration, and of the exclusive right to use the mark on the recited goods, and to prove that respondent's registration is inconsistent with a superior right of the petitioner, thereby resulting in damage to petitioner. This petitioner has not discharged its burden."

It is not quite clear to us from the quoted language whether the reversal was based on the ground that the introduction into the record by the May Company of its registration of the mark "Durosheen" was insufficient to establish, prima facie, its ownership and use of that mark, or on the ground that the trademarks "Duro-Style Fabrics" and "Durosheen," as applied to the goods of the respective parties, are not confusingly similar. Appellant assumes the decision was based on both grounds, and in its brief state the issues to be considered here are:

"1. Does the mark 'Duro-Style Fabrics', 'Style' and 'Fabrics' disclaimed, as shown on the registration, as applied to men's and young men's suits and topcoats, so resemble the mark 'Durosheen', as shown on the registration; in prior use by Ap-

pellant for 19 years upon men's dress and work shirts, as to be likely to cause confusion or mistake or to deceive purchasers?

"2. Is this honorable Court going to fol'ow the doctrine in the case of Charles of the Ritz, Inc. v. Elizabeth Arden Sales Corp., 603 O.G. 10, 161 F.2d 234, 34 C.C.P.A., Patents, 1029, which held that the Cancellation Petitioner is under no further burden than making of record its prior registration of a confusingly similar mark for closely related goods, or is this Court going to follow the new doctrine promulgated by the Assistant Commissioner of Patents in the decision appealed from requiring a further showing on the part of a Cancellation Petitioner?"

We shall consider first the question of likelihood of confusion. As was said in Crown Overall Mfg. Co. v. Desmond's, 182 F.2d 645, 37 C.C.P.A., Patents, 1118, that is a question which must be decided largely as a matter of opinion on the basis of the particular facts of each case. Although appellant has disclaimed the words "Style Fabrics" apart from the mark shown, those words cannot be ignored in determining the question of confusing similarity. Walgreen Co. v. Godefroy Manufacturing Co., 58 F.2d 457, 19 C.C.P.A., Patents, 1150; Helzberg v. Katz & Ogush, Inc., 73 F.2d 626, 22 C.C.P.A., Patents, 768.

It is obvious that the only similarity between the marks resides in the word "Duro." That word suggests durability, and there are of record copies of registrations of over thirty trademarks for fabrics or wearing apparel which either consist solely of the word "Duro," or contain it as a part of the mark. It is well settled that combinations of letters which are descriptive of the goods or properties thereof will not be accorded as great weight in considering whether marks are confusingly similar, as words or combinations of letters which are purely arbitrary. North Star Manufacturing Co. v. Wells Lamont Corporation,

193 F.2d 204, 39 C.C.P.A., Patents, 764; West Disinfecting Company v. Lan-O-Sheen Company, 163 F.2d 566, 35 C.C.P.A., Patents, 706; Rite-Rite Mfg. Co. v. Rite-Craft Company, 181 F.2d 226, 37 C.C.P.A., Patents, 963; Miles Laboratories, Inc., v. Pepsodent Co., 104 F.2d 205, 26 C.C.P.A., Patents, 1272; and Franco-Italian Packing Corp. v. Van Camp Sea Food Co., Inc., 142 F.2d 274, 31 C.C.P.A., Patents, 1029.

It is also to be noted that while the goods of the respective parties, men's and young men's suits and topcoats on the one hand, and men's dress and work shirts on the other, are generally similar, they are not identical. Differences in the nature of the goods to which the marks of the parties are applied may properly be considered in determining whether there is likelihood of confusion. Hart Schaffner & Marx v. Empire Mfg. Co., 197 F.2d 558, 39 C.C.P.A., Patents, 1042.

We are of the opinion that the obvious differences in sound, appearance, and meaning between the marks as a whole and the goods to which they are applied are such that they would not be likely to cause confusion or mistake or to deceive purchasers.

In view of the foregoing, it is unnecessary to consider whether appellant's ownership and use of the trademark on which registration No. 262,704 was issued are sufficiently established by the record. It may be noted, however, that Section 7(b) of the Trade-Mark Act of 1946 provides that

"A certificate of registration of a mark upon the principal register provided by this Act shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein." 15 U.S.C.A. § 1057(b).

and that this court has consistently held that ownership of a trademark registra-

tion constitutes prima facie evidence of ownership and use of the registered mark. Bielzoff Products Co. v. White Horse Distillers, Ltd., 107 F.2d 583, 27 C.C.P.A., Patents, 722; Rosengart, etc., v. Ostrex Company, Inc., 136 F.2d 249, 30 C.C.P.A., Patents, 1046; Miles Laboratories, Inc., v. Foley & Company, 144 F.2d 888, 32 C.C.P.A., Patents, 714; Charles of the Ritz, Inc. v. Elizabeth Arden Sales Corporation, 161 F.2d 234, 34 C.C.P.A., Patents, 1029; and Penrith-Akers Manufacturing Co. v. Ju-C-Orange of America, 182 F.2d 211, 37 C.C.P.A., Patents, 1056.

The decision of the Assistant Commissioner is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.

O'CONNELL, Judge, was present at the argument of this case, but, because of illness, did not participate in the decision.

JOHNSON, Acting Chief Judge (specially concurring).

I concur in the conclusion for reasons set forth in my concurring opinion in May Department Stores v. Kenya Corporation, 234 F.2d 870, 43 C.C.P.A., Patents, ——.