48 CCPA
**Application of DOBECKMUN COMPANY**
(The Dow Chemical Company, Assignee, Substituted).
**Patent Appeal No. 6613.**

United States Court of Customs
and Patent Appeals.
Dec. 8, 1960.
Rehearing Denied Feb. 21, 1961.

———◆———

Ely, Pearne & Gordon, Cleveland, Ohio
(A. L. Ely, Jr., Cleveland, Ohio, of counsel), for appellant.

Clarence W. Moore, Washington, D. C.,
for Comr. of Patents.

Before WORLEY, Chief Judge, RICH,
MARTIN and SMITH, Judges, and
WILLIAM H. KIRKPATRICK, Judge.[1]

SMITH, Judge.

The single issue here is whether Section 2(d) of the Lanham Act (15 U.S.C.A. § 1052(d) ) supports the refusal of the examiner, affirmed by the Trademark Trial and Appeal Board, to register applicant's mark "Durafilm" for "laminated and/or extrusion-coated translucent or transparent packaging films," over prior registration No. 564,274 of the trademark "Durofoil" for "wrapping material, namely, paper laminated to a metallic foil and transparent film material laminated to a metallic foil."

Appellant urges that the refusal to register its mark is not proper and should be reversed because:

1. The goods are different;

2. The marks are different; and

3. The goods are sold to discriminating purchasers.

[1] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'CONNELL,* pursuant to provisions of Section 294(d), Title 28, U.S.C.

While there may be a technical difference between the "packaging films" recited in the application and the "wrapping material" recited in the reference, this difference is of no legal significance in the resolution of the issue here. Applicant supplies plastic films which are used in various ways in the packaging industry. The specimen submitted with the application to register its mark further identifies appellant as being "converters—printers—laminators of films and foils." It appears, therefore, that appellant offers to supply either films or foils as may be requested by its customers and that both films and foils are used by appellant's customers in packaging their goods for resale to the public. In addition, applicant advertises laminated aluminum foil and paper as an "outerwrap" for boxes used in the packaging industry. This "outerwrap" product appears to be a "wrapping material" as this term is used in the cited registration.

Appellant's argument that the marks presently are being used on goods which the packaging industry considers to be technically different is predicated solely upon an assumption that "wrapping material" in the packaging industry is a different material than is a "packaging film." There is no evidence of record to support this argument. Even if such evidence were before us, this fact is not determinative of the issue.

"Films," "foils," and "wrapping materials" are related goods as shown by appellant's specimen label and by appellant's advertising cited by the examiner. We are therefore unwilling, in the absence of definite evidence of the registrant's intent to so limit the term, to assign a technically restricted meaning to the term "wrapping material." The owner of the prior registered mark has the right to use his mark on such closely related goods.

Similarity of the products of appellant and of registrant is of greater legal significance in applying Section 2(d) than are the possible semantic differences urged upon us by appellant. Section 2(d) requires us to determine not whether the goods are identical but only whether applicant's mark so resembles the prior mark as to be likely when applied to its goods to cause confusion, or mistake, or to deceive purchasers.

Appellant's argument that the marks "Durafilm" and "Durofoil" are different is predicated upon dictum found in our decision in The May Department Stores Co. v. Schloss Bros. & Co., Inc., 234 F.2d 879, 43 CCPA 980. Relying upon this dictum, appellant urges that the prefixes "Duro" and "Dura" are common, descriptive terms without trademark significance. A sufficient answer to this argument is that the court in the May case found no confusing similarity in the marks "Duro-Style Fabrics" and "Durosheen."

It is an elemental proposition that the marks must be considered in their entireties. Sears, Roebuck and Co. v. Hofman, 258 F.2d 953, 46 CCPA 708; Meyer Chemical Co. v. Anahist Co., Inc. (Warner-Lambert Pharmaceutical Co., Assignee, substituted). 263 F.2d 344, 46 CCPA 784.

While it may be necessary to dissect marks as was done in the May case, supra, in analyzing specific similarities and differences of the marks, the determination of the issue here requires, as it did in the May case, a comparison of the entire marks. Appellant's entire mark "Durafilm" when applied to its goods so resembles the registered mark "Durofoil" that confusion or mistake or deception of purchasers is likely.

In so holding, we have given consideration to and reject appellant's argument that since the goods are sold to the packaging industry the sales are made to discriminating purchasers. Even such a discriminating purchaser might well assume that the names "Durafilm" and "Durofoil" were trademarks on companion products, i. e., the "films" and "foils" of a single producer.

It was the purpose of Section 2(d) of the Lanham Act to prevent registration of a mark such as that here in issue which so resembles a previously

registered mark as to be likely, when applied to the goods of applicant, to cause confusion or mistake or to deceive purchasers.

For the foregoing reasons, we *affirm* the decision of the Trademark Trial and Appeal Board.

Affirmed.