27 C.C.P.A. (Patents)

**MILES LABORATORIES, Inc., v. UNITED DRUG CO.**

**Patent Appeal No. 4289.**

Court of Customs and Patent Appeals.
June 24, 1940.

Rehearing Denied Sept. 30, 1940.

Chas. R. Allen, of Washington, D. C., and Verne G. Cawley, of Elkhart, Ind., for appellant.

Delos G. Haynes, of St. Louis, Mo. (Frederick B. Wolf, of St. Louis, Mo., of counsel) for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition to the registration of appellee's composite trade-mark comprising the term "REX-SELTZER," displayed in large white letters on a black rectangular background, for use on "effervescent analgesic alkalizer tablets," the word "Seltzer" being disclaimed apart from the mark as shown.

Although in appellee's application for registration its trade-mark is displayed in large white letters on a black rectangular background, it appears from the record that at the time of the introduction of evidence (January 1938) its trade-mark was being displayed on its goods in large yellow letters on a dark blue rectangular background.

In its application for registration, appellee stated that it had used its mark on its goods since December 4, 1936.

It appears from the record that appellant is the owner of registration No. 283,-831, issued June 9, 1931, on an application filed January 31, 1931, for the trade-mark "Alka-Seltzer," the term "Seltzer" being disclaimed apart from the mark as shown, for use on "Anti-Acid Effervescent Preparations"; that appellant "began to use the name ['Alka-Seltzer'] in December, 1930";

and that, since the summer of 1931, appellant has used the term "Alka-Seltzer," displayed in comparatively large white letters on a blue rectangular background, on its goods, described as "effervescent analgesic alkalizing tablets."

It appears from the record that, so far as the issue in this case is concerned, the goods of the respective parties on which the involved marks are used are identical.

The sole issue in the case is whether the marks of the respective parties are confusingly similar within the purview of section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85.

The tribunals of the Patent Office concurred in holding that the term "Seltzer" in each of the involved marks is merely descriptive of the goods on which the marks are used; that, considering the marks as a whole, they are not confusingly similar; and that appellee is entitled to register its mark.

It appears from the record that appellant adopted and used its mark long prior to the adoption and use by appellee of its mark; that appellant has expended approximately $22,000,000 in advertising and popularizing its trade-mark and its goods through practically every advertising medium throughout the United States; that, in its advertising, appellant has emphasized the term "Alka" in such expressions as "Alkalize with Alka-Seltzer," "Be Wise—Alkalize," "Alka-Seltzer Makes a sparkling alkalizing solution," and many other somewhat similar expressions; and that its goods have been sold in every state in the United States and in twenty-nine foreign countries. (Further details of appellant's advertising need not be stated here, as it clearly appears from the record that appellant's trade-mark and its goods are well and favorably known throughout the United States.)

It further appears from the record that the goods of the respective parties are competitive; that they are sold at retail in drug stores to the purchasing public; that, in addition to the trade-mark SELTZER," "REX- here involved, appellee is the owner of trade-mark registration No. 352,229, issued November 23, 1937, on an application filed June 17, 1937, for a trade-mark, comprising the terms "Rexall" and "A.B.C. Seltzer," for use on "Granular Effervescent Analgesic Preparations," the word "Selt-

zer" being disclaimed apart from the mark as shown; that appellee has used its registered trade-mark on its granular effervescent analgesic preparations since long prior to the use by appellant of its involved trade-mark "Alka-Seltzer" on its goods; that appellee has employed the term "Rex," sometimes as a prefix and sometimes as a suffix, in several different trade-marks, which trade-marks are now, and for many years prior to the adoption and use by appellant of its trade-mark "Alka-Seltzer" have been, used by appellee on medicinal and pharmaceutical preparations; and that a number of those trade-marks have been registered in the United States Patent Office.

It is contended by counsel for appellant that the term "Seltzer" is not descriptive of appellant's goods, but rather is the dominant feature of appellant's mark and indicates origin in appellant of effervescent analgesic alkalizing preparations in *tablet* form; that it appears from the record that appellee was motivated by the desire to trade on the good will established by appellant; that appellee's "first step was to duplicate the article (tablet), new in the packaged medicine field; then to offer the tablets in bottles of the same size, design, and shape as those of opposer, having caps that are interchangeable, and in packages, containing 8 and 25 tablets each; then to use the word 'Seltzer' in reverse printing with a hyphen (-) preceding the word 'Seltzer,' placed in the lower portion of opposer's design, namely, the blue retangular design, and last to fall back on its adopted policy to use the word Rex either as a suffix or prefix"; and that the composite marks of the parties, when considered as a whole, are similar in sound and significance, and are confusingly similar.

In holding, in the case of Miles Laboratories, Inc., v. Pepsodent Company, 104 F. 2d 205, 26 C.C.P.A., Patents, 1272, that the trade-mark "Pepso-Seltzer," used by the Pepsodent Company on an "effervescent alkalizing preparation," was not confusingly similar with the trade-mark "Alka-Seltzer," used by the Miles Laboratories, Inc. (the appellant company in the case at bar), on similar goods, this court stated that the term "Seltzer" in the marks of the parties was descriptive of the character of the goods on which the marks were used; that it would not indicate to the purchasing public the origin of such goods; and that the terms "Alka" and "Pepso," in the marks

there involved, were the dominant portions thereof. It is here suggested by counsel for appellant that our holding in that case that the term "Seltzer" in appellant's mark is descriptive of appellant's effervescent analgesic alkalizing tablets and does not indicate origin in appellant be overruled.

We have carefully considered our decision in the case of Miles Laboratories, Inc., v. Pepsodent Company, supra, in the light of the evidence in the instant case and the arguments presented here by counsel for appellant, and are of opinion that the views there expressed are sound.

In the instant case it clearly appears from the testimony of two of appellant's witnesses that the term "Seltzer" as applied to appellant's goods is descriptive of the character or quality of such goods.

Appellant's witness, Charles S. Beardsley, vice president of the appellant company and in charge of sales and advertising, stated that appellant's disclaimer of the term "Seltzer" in its application for the registration of its trade-mark "Alka-Seltzer," registration No. 283,831, was probably due to the fact that the term "Seltzer" is "a noun in common use."

Appellant's witness, J. Maurice Treneer, chief chemist in the employ of the appellant company, stated that the term "Seltzer," whether applied to a tablet, a liquid, or a granule, usually indicates that the preparation is effervescent.

Relative to the claim made here by counsel for appellant that, in the selection of its trade-mark, appellee was motivated by the desire to trade on the good will established by appellant, it is sufficient to say that the term "Rex," which is clearly the dominant portion of appellee's trade-mark, has, as hereinbefore stated, been used by appellee for many years, either as a prefix or as a suffix, in many of appellee's trade-marks for use on medicinal and pharmaceutical preparations; that, although both the bottles and the containers therefor in which the goods of the respective parties are sold are of practically the same size and shape, the labels on the bottles used by the respective parties are wholly dissimilar in appearance and the containers for such bottles differ in color and in other material respects; and that the color schemes used by the parties, for both the labels on the bottles and the containers for such bottles, differ, in that appellant's is of a comparatively light blue and white and appellee's is of a dark

blue and yellow. It may be said further-more that the containers for appellee's bottles are similar, both in color and in the arrangement of the printed matter appearing thereon, to the containers in which many of its other medicinal and pharmaceutical preparations are, and for many years have been, sold to the general public under various of its trade-marks of which the term "Rex" is a part.

Appellee introduced other evidence relative to its reasons for adopting its trade-mark "REX-SELTZER" for use on effervescent analgesic alkalizing tablets. That evidence, however, need not be set forth nor discussed here. It is sufficient to say that we are unable to hold that the evidence of record warrants the conclusion that, in the adoption and use of its trade-mark "REX-SELTZER," appellee was motivated by the desire to trade upon the good will established by appellant.

As hereinbefore stated, it appears that in advertising its trade-mark and its goods appellant has emphasized the term "Alka" in its trade-mark for the purpose of indicating to the public that its tablets possess alkalizing properties, one of its advertising slogans being "Alkalize with Alka-Seltzer," and that, as stated by the witness Charles S. Beardsley, appellant has "led the public to believe" that its goods possess alkalizing properties.

We are of opinion that the dominant portion of appellant's mark is the term "Alka"; that the dominant portion of appellee's mark is the term "Rex"; and that appellant is not entitled to the exclusive use of the word "Seltzer." Accordingly, if the term "Rex" in appellee's mark is sufficiently dissimilar from the term "Alka" in appellant's mark so that, when considered in their entireties, the marks of the parties are not confusingly similar, appellee is entitled to have its mark registered. Miles Laboratories, Inc., v. Pepsodent Company, supra.

We have given careful consideration to the evidence of record, and to all of the arguments presented here by counsel for appellant in support of their contention that the marks of the parties are confusingly similar and that appellant will be damaged by the registration of appellee's mark, but are of opinion that the marks, considered in their entireties, are sufficiently dis-

similar so that their concurrent use on the goods of the parties is not likely to cause confusion in trade or deceive purchasers, and that appellee is entitled to have its mark registered.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

GARRETT, Presiding Judge, took no part in the consideration or decision of this case.