**PHILIP A. HUNT CO. v. EASTMAN KODAK CO. (two cases).**

Patent Appeals Nos. 4815, 4816.

Court of Customs and Patent Appeals.

Jan. 3, 1944.

Herbert J. Jacobi, of Washington, D. C., for appellant.

Newton M. Perrins and George A. Gillette, Jr., both of Rochester, N. Y., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

These are appeals in trade-mark opposition proceedings.

The trade-marks of appellant, hereinafter described, being substantially the same and being used on identical goods, the opposition proceedings were consolidated in the Patent Office for the purpose of trial. Accordingly, the two appeals will be disposed of in one opinion.

Appellant's mark, in appeal No. 4815, consists of the term "Graph-O-Lith," for use on chemicals for developing line and half-tone negatives. Appellant states in its application for registration, filed

January 13, 1940, that it has used its mark "Graph-O-Lith" on its goods since August 1, 1939.

In appeal No. 4816, appellant's mark, for use on chemicals for developing line and half-tone negatives, comprises the term "Graph-O-Lith" appearing immediately below the term "Developer." The two terms are superimposed in white letters upon a fanciful design composed of red and blue lines, the term "Developer" being disclaimed apart from the mark as shown. Appellant states in its application for registration, filed October 8, 1940, that it has used its mark on its goods since October 2, 1940. It is conceded that the dominant feature of the mark is the word "Graph-O-Lith."

Appellee is the owner of trade-mark registration No. 280,009, issued February 10, 1931, on an application filed September 24, 1930, of the mark "Kodalith" for use on "Photographic Developer." It is also the owner of trade-mark registration No. 272,060, issued June 24, 1930, on an application filed February 5, 1930, for the trade-mark "Kodalith" for use on "Sensitized Photographic Paper," and trademark registration No. 349,082, issued August 17, 1937, on an application filed April 8, 1937, for the trade-mark "Kodalith" for use on "Photographic Papers, Photographic Films, Photographic Stripping Films, Sensitized Tracing Cloth, and Photographic Plates."

It appears from the record that the goods of the parties are used in the lithographic industry, or, as stated by appellee's witness Victor W. Hurst, in a process of "photomechanical reproduction," that is, the "making of printing plates by photography for letter press printing, planographing or photolithography, intaglio or photogravure and other mechanical methods of making printed pictorial reproductions."

It further appears from the record that appellee pioneered in the development and introduction of improved photographic processes for photomechanical reproduction; that it used the trade-mark "Kodalith" on several photographic products, including its "Kodalith Developer," long prior to the use by appellant of its mark "Graph-O-Lith" on its compound; that it has expended approximately $26,000 in advertising its trade-mark "Kodalith" and its various "Kodalith" products, including

its "Photographic Developer," in various trade publications, such as "Photoengravers Bulletin, American Photoengraver, National Lithographer, The Photolithographer, and Modern Lithography (successor to the National Lithographer)"; that appellee's "Photographic Developer" is sold to lithographers, photoengravers, etc.; that appellant's chemicals for developing line and half-tone negatives are sold to the same class of purchasers. as is appellee's product; that the goods of the parties are not sold to the general public; that they are substantially identical; that they are comparatively inexpensive; and that they are consumed in their use.

It further appears from the record that, since 1909, appellant has been engaged in the manufacture and sale of chemicals; that it has an excellent reputation and a high credit rating; that, since the spring of 1937, it has been using the trade-mark "Graphol" on certain photographic developers, compounds differing apparently from the one here involved; and that when the company produced a "developer" for the *lithographic industry*, it adopted the mark "Graph-O-Lith" for the reason, as stated by the witness Philip A. Hunt, president of the appellant company, that "we had Graphol registered, I thought it [meaning the term 'Graph-O-Lith'] would be a good name to be used for the new compound which we were making, and which had to have a name and by using, the term 'Graph-O-Lith', the industry would know and associate the name with Philip A. Hunt Company."

The sole issue in the case is whether appellant's mark "Graph-O-Lith" and appellee's mark "Kodalith," when used on substantially identical goods, are confusingly similar.

Each of the tribunals of the Patent Office was of opinion that the marks of the parties were confusingly similar, sustained appellee's notices of opposition, and held that appellant was not entitled to the registration of either of its trade-marks.

In his decision, the Examiner of Interferences stated that the suffix "lith" is defined by the lexicographers as an abbreviation of the term "lithography," and, as applied to the goods of the parties, possessed descriptive significance. The examiner held, however, that, although the goods of the parties were sold to "an un-

usually discriminating class of purchasers," the marks, considered as a whole, were confusingly similar.

In affirming the decision of the Examiner of Interferences, the commissioner stated that it seemed to be conceded that the suffix "lith" of each of the involved marks carried the suggestion that the mark was "applied to goods relating to lithography. This syllable 'lith' is an integal [integral] part of each mark and this syllable, as well as the other parts of the mark, affects the appearance, sound and significance of the mark as a whole." The commissioner further stated: "Considering the marks in their entireties it *seems to me that the identical suffixes 'lith' in the marks clothe the marks in their entireties with a strong resemblance sufficient to justify the conclusion that there is at least* considerable doubt that the concurrent use of the marks, when applied to the substantially identical goods of the character here involved, would not be likely to result in confusion or mistake in the mind of the public." (Italics not quoted.)

As we understand the commissioner's decision, he was of opinion that the suffix "lith" was the dominant feature of each of the involved marks, and that, therefore, considering the marks in their entireties they are confusingly similar.

We are in agreement with the statement contained in the decision of the Examiner of Interferences that the suffix "lith" in the trade-marks of the parties is defined by the lexicographers as an abbreviation of the term "lithography." See Funk & Wagnalls New Standard Dictionary, 1931 and 1938, and Webster's New International Dictionary, 1932.

The suffix "lith," as used in the marks of the parties, being descriptive of the use to which the goods of the parties are put, is descriptive of the character and quality of such goods. See In re Hair Net Packers, Inc., 115 F.2d 254, 28 C.C.P.A., Patents 715; In re General Permanent Wave Corporation, etc., 118 F.2d 1020, 28 C.C.P.A., Patents, 1099; The Hygienic Products Co. v. Huntington Laboratories, Inc., Cust. & Pat.App., 139 F.2d 508.

It is obvious from what has been said that appellee is not entitled to the exclusive use of the suffix "lith" in a trade-mark for use on a developer for photomechanical reproduction. Accordingly, if the term "Graph-O" in appellant's mark differs sufficiently from the prefix "Koda" in appellee's mark, so that, when considered in their entireties, the marks of the parties are not confusingly similar, appellant is entitled to the registration of its trade-marks. See Yeasties Products, Inc. v. General Mills, Inc., 77 F.2d 523, 22 C.C.P.A., Patents, 1215; Frankfort Distilleries, Inc. v. Kasko Distillers Products Corporation, 111 F.2d 481, 27 C.C.P.A., Patents, 1189.

It appears from the record that the goods of the parties are used by those possessing technical skill in the lithographic art; that they are sold to a discriminating class of purchasers; and that they are not, and are not likely to be, sold either to amateur photographers or to the general public.

It is apparent that, with the exception of the suffix "lith," the marks of the parties differ greatly both in appearance and and sound. We are of opinion, therefore, that, considering the marks in their entireties, their concurrent use on the goods of the parties is not likely to cause confusion or mistake in the mind of the public or to deceive purchasers, and that appellant is entitled to the registration of each of its marks.

For the reasons stated, the decision of the commissioner is reversed.

Reversed.