35 C.C.P.A. (Patents)
### WEST DISINFECTING CO. v. LAN–O–SHEEN CO.

Patent Appeals No. 5284.

Court of Customs and Patent Appeals. June 3, 1947.

Rehearing Denied Sept. 29, 1947.

BLAND, Judge, dissenting.

Harvey B. Jacobson, of Chicago, Ill. (J. Edward Burch, of Washington, D. C., of counsel), for appellant.

Charles M. Thomas and Sidney W. Russell, both of Washington, D. C. (Stephen W. Blore, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents in an opposition proceeding, 66 U.S.P.Q. 421, involving the question of whether, when concurrently used on goods of the same descriptive properties, consisting of cleaning preparations, the mark "Lan.o.Sheen," which appellee seeks to register, is or is not confusingly similar under section 5 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 85, to appellant's previously registered trade-mark "Lustersheen." Appellee has disclaimed the word "Sheen."

Neither party took testimony. The record discloses that appellant's product is "a preparation prepared for use in the wet cleaning of silks, woolens, linens, and fine fabrics" and, as prominently described on the printed label on which the trade-mark is shown, appellant's product is "A Pure Vegetable Compound Free From Animal or Mineral Oils."

Appellee's product is described in its application as a cleaning powder for such articles as silks, woolens, clothing, rugs, upholstery, drapery, woodwork, painted surfaces, tile, linoleum, vitreous enamel, silverware, and dishes. As described in a prominent place on the printed label on which the mark is shown, appellee's product "brings 'Spontaneous Evaporation' to the cleansing of fabrics * * * contains no ether, ammonia, free lye or bleach."

Section 5 of the Trade-Mark Act of February 20, 1905, so far as pertinent, provides as follows:

Sec. 5. U.S.C., title 15, sec. 85, 15 U.S. C.A. § 85. "That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a

trade-mark on account of the nature of such mark unless such mark—

"(b) * * * so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers * * *."

■ Since the goods here involved are cleaning preparations having in part identical uses for identical purposes, it is clear that such goods possess the same descriptive properties within the meaning of the statute.

The Examiner of Interferences sustained appellant's notice of opposition and held that appellee was not entitled to the registration of its mark because "The marks involved, namely, 'Lan.o.Sheen' and 'Lustersheen', are not only identical in their final syllable 'Sheen' but both start with the same initial letter 'L', and in view of these several similarities the examiner is of the opinion that confusion in trade is reasonably likely."

The Commissioner of Patents analyzed the two marks and reversed the examiner's decision. The commissioner held, in effect, that the common suffix "sheen" is so highly suggestive of the intended function of cleaning preparations as to be descriptive and incapable of exclusive appropriation by appellant, either alone or as part of a composite trade-mark; that the remaining portions of the two marks do not resemble one another in sound, meaning, or appearance; and that considered as a whole, the marks when concurrently used on merchandise of the same descriptive properties would not be likely to cause confusion or mistake in the mind of the public or to deceive purchasers as to the origin of the goods, citing Miles Laboratories, Inc., v. Foley & Co., 144 F.2d 888, 32 C.C.P.A., Patents, 714.

■ A registered mark cannot be challenged in an opposition proceeding on the ground that the mark is merely descriptive of the merchandise to which it is attached or that it is otherwise invalid. Revere Sugar Refinery v. Salvato, 48 F.2d 400, 18 C.C.P.A., Patents, 1121.

■ That rule, however, is no justification for the court in considering the significance of the contested marks in their entireties, to refuse to consider the respective portions thereof, including descriptive or disclaimed portions, to determine the dominant part of each of the marks. Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation, 111 F.2d 481, 27 C.C.P.A., Patents, 1189; Franco-Italian Packing Corp. v. Van Camp Sea Food Co., Inc., 142 F.2d 274, 31 C.C.P.A., Patents, 1029, and authorities therein cited.

In the opinion of the first of the two cases just cited, it is stated that [111 F.2d 482] "If the purchaser of trade-marked goods would be more likely to remember one part of a mark than another part as indicating origin of the goods, such word is the dominant part of the mark under the decisions above cited."

■ The court has further pointed out that a descriptive word has so little trademark significance as indicating origin of the goods, that it cannot be considered as the dominant part of a mark. American Brewing Co., Inc., v. Delatour Beverage Corporation, etc., 100 F.2d 253, 26 C.C.P.A., Patents, 778; National NuGrape Co. v. Judge & Dolph, Ltd., 154 F.2d 521, 33 C.C.P.A., Patents, 1032.

■ The court in analyzing the marks must determine whether the word "sheen" is descriptive of the goods or the character or quality thereof or the purpose for which they are used. If so, the word is not the dominant part of the marks and may not be exclusively appropriated by either party for use as a trade-mark. In re General Permanent Wave Corporation, etc., 118 F.2d 1020, 28 C.C.P.A., Patents, 1099; Philip A. Hunt Co. v. Eastman Kodak Co., 140 F.2d 166, 31 C.C.P.A., Patents, 852.

■ The word "sheen" clearly is not descriptive of cleaning powders as such. However, "sheen" does convey, and is intended to convey, the information that the involved merchandise when used according to directions in the cleaning of fabrics will, among other things, produce a sheen upon the surface of such fabrics. That is

one function which the cleaning preparations here involved is designed to perform.

■ The word "sheen," standing alone or as part of a composite mark, is merely descriptive of the character or quality of the merchandise to which the mark is attached. The word cannot therefore be considered under the authorities hereinbefore cited as the dominant part of the marks.

The issue accordingly resolves itself into the question of whether the marks considered in their entireties are confusingly similar.

■ It is argued that "Luster" and "Lan.o." are the dominant parts of the respective marks and that those prefixes are not confusingly similar. Both such prefixes are comprised of two syllables, with the accent on the first syllable, and each prefix begins with a capital "L." In meaning, "Luster" is merely cumulative with "sheen." "Lan.o." is derived from "lanolin" which means a wool fat or grease used in ointments, etc. See Webster's Collegiate Dictionary, 5th Ed., 1944.

The term "Lan.o." is not descriptive and, in our opinion, is the dominant feature of appellee's mark.

Furthermore, we are of opinion that the term "Lan.o." differs in sound, meaning, and appearance from the prefix "Luster" in appellant's mark, and that considering the marks as a whole, the concurrent use of the two marks on the goods of the parties would not be likely to cause confusion in trade or deceive purchasers.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Associate Judge (dissenting).

The majority hold that "Lan.o.Sheen" may be registered over the opposition based upon "Lustersheen" for goods of the same descriptive properties.

The result is brought about by a species of fallacious reasoning which I have objected to ever since it first appeared in the decisions of this court.

It was, in substance, said early, and I need not cite the authorities, that we should

determine the dominant feature of a mark and compare that feature with the dominant feature of an opposed mark in determining the question of similarity and that in doing so we must ignore that portion of the mark which is descriptive because that portion could not aid in indicating origin.

It is proper to point out the dominant portion of a mark where it is a composite mark like the mark "Air Chief" in Firestone Tire & Rubber Co. v. Montgomery Ward & Co., Inc., 150 F.2d 439, 32 C.C.P.A., patents, 1074, where a word is surrounded by certain characters, because the goods will be known by a certain name. In the instant case the goods will be known as "Lustersheen."

While at times it is entirely proper and helpful to dissect a composite mark for the purpose of ascertaining the similarity or likelihood of confusion, it is an unwarranted thing to do in cases involving a single-word or a compound-word mark, as is done in the case at bar, even though a portion of it is descriptive. It violates the rule against dissecting marks and it leads to incongruous results. This does not mean that in deciding the question of similarity or the likelihood of confusion we may not consider the nature of the different portions of a single-word or compound-word mark and give one portion of the mark more weight than another, but when we have done so we must look to both marks in their entirety.

I pointed out in various dissenting and concurring opinions that often the portions of a word mark were all descriptive and under the holdings of the court there could be no dominant portion and therefore there would be no room for the application of the rule. A good example is "Coca-Cola." Both words are good English words and both are descriptive, yet the mark is a good one.

In the instant case the court, pursuing the fallacious reasoning which has brought us to a final climax of holding that "Lustersheen" and "Lan.o.Sheen" are not similar, holds that "sheen" is descriptive in both marks and must be ignored and that there is no confusing similarity between "Lan.o." and "Luster." I maintain that this is dissecting the marks in such a way as to do away completely with the consideration of marks as a whole. If I understand the decision correctly, it holds that "sheen" is descriptive. It does not say anything about "luster" being descriptive, but "luster" and "sheen" are synonyms. If "sheen" is descriptive, so is "luster", therefore there can be no dominant portion of the mark "Lustersheen" with which to compare "Lan.o.Sheen."

But assuming that "sheen" is descriptive and that "Lan.o." and "Luster" are not, it seems too obvious for extended contention that since both prefixes begin with "L" and both have the word "sheen" it follows that confusion will be more than likely to result.

I do not believe that "Lustersheen" is descriptive of the goods. One would not say "luster cloth" or "sheen cloth" in referring to cloth cleaned by the products of the respective parties. It suggests to me that the owners of the mark "Lustersheen" wish to call attention to the fact that the appearance of the cloth is to be noted to see if it is sheeny or lustrous. But indubitably the adding of the words "luster" and "sheen" together and making a single trade-mark of the two words does not make the whole mark descriptive. The mark seems to me to be quite arbitrary.

Over the radio in advertising the respective products, it would be difficult for one to distinguish between "Lan.o.Sheen" and "Lustersheen."

The majority opinion properly points out that the registered mark (and "Lustersheen" is a registered mark) cannot be attacked on the ground that it is merely descriptive, citing Revere Sugar Refinery v. Salvato, 48 F.2d 400, 18 C.C.P.A., Patents, 1121. Notwithstanding this fact, the holding here can be nothing more than a holding that each portion of the mark of appellant is descriptive and therefore the whole mark is descriptive and consequently invalid. The fact that the majority arrive at this conclusion under the guise of comparing different portions of the mark rather than the mark as a whole does not change the situation.

On this phase of the case, I have been unable to harmonize the unanimous holding

of the court in National NuGrape Co. v. Judge & Dolph, Ltd., 154 F.2d 521, 33 C.C.P.A., Patents, 1032, with the holding in the instant case. I quote a portion of the syllabus: " 'So-' above disclaimed 'Grape' is confusingly similar to 'NuGrape' above disclaimed 'A Flavor You Can't Forget'; descriptive word cannot constitute dominant part of mark, so descriptive 'Grape' by itself cannot indicate origin, *but prefixes 'So-' and 'Nu,' while unlike in sound, meaning, and appearance, considering marks as whole, are confusingly similar."* [Italics mine.]

Both portions of "So-Grape" are descriptice, and "So-" and "Nu" are so different that if the rule applied in the instant case had been applied in that case we would have had to hold that there was no likelihood of confusion, but we held to the contrary. We did so when we examined the trademarks as a whole, after saying that "So-" and "Nu" are unlike in sound, meaning and appearance.

I again want to point out that the majority could not find the dominant portion of "Lustersheen" to compare with the dominant portion of "Lan.o.Sheen" because this court, in recent years, over my objections, has quite often held that a descriptive term cannot be the dominant portion of a mark. So now we have a case where an alleged dominant portion, "Lan.o.", is compared with a trade-mark that has no dominant portion because, as before stated, if "sheen" is descriptive "luster" is also, since they are synonyms.

The holding that the term "Lan.o." is the dominant feature of the mark, to my way of thinking, is erroneous. Who will ever remember the appellee's goods because of the term "Lan.o."? They will be remembered because they are called "Lan.o.Sheen" and it is erroneous to dissect the marks in the manner of the majority and bring about a conclusion wholly unwarranted under the Trade-Mark Act of 1905.

In the case of Standard Oil Co. of New Jersey v. Alden Speare's Sons Co., Pat. App., 163 F.2d 572, handed down concurrently herewith, the mark "KUTKON" is a composite mark—an arrow extends entirely across the printed word—and it was properly held by the tribunals below that the word "KUTKON" was the dominant portion of the mark. But this court did not hold that "kon" was the dominant portion of the mark, which it does as respects "Lan.o." in the instant case by implying, if not saying, that "Luster" is the dominant portion of the mark with which to compare "Lan.o."

In any event, when questions of this kind occur, we should follow the rule of resolving doubts against the newcomer.