88 C.C.P.A. (Patents)

**KENSINGTON STEEL CO. v. NICHOLS ENGINEERING & RESEARCH CORP.**

**Patent Appeals No. 5777.**

United States Court of Customs and Patent Appeals.

April 3, 1951.

James R. McKnight, Robert C. Comstock, Chicago, Ill., and Emory L. Groff, Washington, D. C., for appellant.

William L. Edmonston, Washington, D. C. (Raymond J. McElhannon, New York City, and J. Austin Stone, Washington, D. C., of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

This is an appeal in an opposition proceeding from a decision of the Commissioner of Patents affirming that of the Examiner of Interferences dismissing an opposition by appellant to the registration of a trade-mark of appellee which essentially consists of the notation "Nercalloy."

The notice of opposition relates solely to the confusion in trade clause of Section 5 of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1052.

Appellee's application for registration was passed for publication and appeared in the Official Gazette of September 16, 1947. In the application it was alleged that the trade-mark had been continuously used since April 30, 1947, being generally affixed or applied to metal castings and forgings.

On October 3, 1947, appellant filed its notice of opposition in which it alleged its ownership of the trade-mark "Oroloy," Registration No. 410,617, dated December 5, 1944, as applied to manganese, steel, rough and partly finished manganese and steel castings, and the same trade-mark, Registration No. 411,692, dated January 30, 1945, for metal products, parts, and castings. Thus it will be noted that the goods to which the respective parties' trade-marks are applied are of the same descriptive properties.

The sole issue before us, as it was below, is confined to the question as to whether or not the involved marks are confusingly similar.

In support of the contention by counsel for appellant it was argued before the examiner that the resemblance between the marks of the parties are comparable to the

398

marks "Utiloy" and "Uloy" which were held to be confusingly similar in a decision of the commissioner in the case of Republic Steel Corp. v. Utility Trailer Mfg. Co., 74 U.S.P.Q. 72, and the marks "Arcaloy" and "Oroloy," which were also held to be confusingly similar in a decision of the commissioner in the case of Kensington Steel Co. v. Alloy Rods Co., 78 U.S.P.Q. 92.

The examiner was of opinion that the resemblance between the marks of those cited cases was greater than that between the marks here involved. He noted that the marks in the cases relied upon contain common endings and also that there is a substantial similarity in the initial portions thereof, whereas there is no substantial resemblance between "Nercalloy" and "Oroloy," except in the suffixes, respectively, "Alloy" and "Oloy." The examiner stated very properly, in our opinion, that the syllables "Alloy" of appellee's mark obviously describes the character of the goods to which the trade-mark is applied and he believed, because the syllables of appellant's mark may have the same sound and significance, those who purchased the goods of the parties would pay little attention to either of those terminal syllables in identifying the goods of the parties as to source, but would rely upon the initial syllables "Nerc" and "Or" which, of course, are entirely dissimilar.

The examiner, in his decision, cited as being more pertinent to the issues herein than the cases relied upon by opposer, the cases of Younghusband v. Kurlash Co., Inc., 94 F.2d 230, 25 C.C.P.A., Patents, 886; the commissioner's opinion in Sharp & Dohme, Incorporated v. Oxiderm Laboratory, 80 U.S.P.Q. 26, and the commissioner's opinion in Duramold Aircraft Corp. v. Timm Aircraft Corp., 62 U.S.P.Q. 387, wherein it was respectively held that the marks "Starlash" and "Kurlash," "Oxiderm" and "Teesaderm," and "Aeromold" and "Duromold" were not confusingly similar because the only common features in those marks showed a lack of distinctiveness.

In their argument before the commissioner, counsel for appellant cited the Republic Steel case, supra, Kensington Steel case, supra, and the commissioner's decision in the case of Carboloy Co., Inc. v. General Aircraft Equipment, Inc., 73 U.S.P.Q. 477.

 We have no doubt that the word "Alloy" which is the last two syllables of appellee's mark, and the expression "Oloy" the last two syllables in the mark of appellant, should be considered as obviously descriptive of the goods of the parties and those parts of the mark would have little, if any, significance in identifying the respective goods as to source. Furthermore, the marks of the parties considered in their entireties bear such little resemblance that even when used on goods of identical descriptive properties they would not be likely to lead to confusion in trade.

We have repeatedly held that the citation of cases in trade-mark registration litigation are of little assistance. Therefore, it is not necessary to discuss the several decisions which have been cited. In re Dutch Maid Ice Cream, 95 F.2d 262, 25 C.C.P.A., Patents, 1009.

For the reasons hereinbefore set out, the decision of the commissioner is affirmed.

Affirmed.