## MAGNAFLUX CORPORATION,
### Appellant,
### v.
## SONOFLUX CORPORATION,
### Appellee.

Patent Appeal No. 6193.

United States Court of Customs
and Patent Appeals.
April 3, 1956.

Hill, Sherman, Meroni, Gross & Simp-
son, Chicago, Ill. (Carlton Hill, Chicago,
Ill., and Wm. T. Estabrook, Washington,
D. C., of counsel), for appellant.

Thomas O. Arnold, Houston, Tex. (Hutcheson, Taliaferro & Hutcheson, Houston, Tex., of counsel), for appellee.

Before JOHNSON, Acting Chief Judge, and WORLEY and JACKSON, retired, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents affirming the decision of the Examiner of Interferences, dismissing a petition by appellant, Magnaflux Corporation, for cancellation of Registration No. 558,222, granted to appellee, Sonoflux Corporation on April 29, 1952, for the trade-mark "Sonoflux," for "Vibromagnetic inspection instrument to detect flaws in Ferromagnetic materials."

The petition for cancellation was predicated on prior use and registration by petitioner of the trade-mark "Magnaflux" applied to "Electrical Apparatus for Magnetic Testing of Metal Articles" and "Metallic Comminuted Paramagnetic Material for Use in Locating Defects in Magnetic Bodies," as well as prior use of the trade-mark "Sonizon" for "Apparatus for Measuring Wall Thickness From One Side only by Means of Ultrasonics."

As stated by the Examiner of Interferences, there is no question of priority, petitioner having proved ownership of the registrations and prior use of the marks relied upon. That proof was not questioned by the respondent. The sole issue, therefore, is whether the respective marks, as applied to the goods of the parties, are confusingly similar.

The record contains evidence of use by appellant of "Magnaflux Sonizon" in combination. The Examiner of Interferences pointed out that such use had not been pleaded in the petition for cancellation, and held that the evidence did not unequivocally establish such a use in combination prior to appellee's use of "Sonoflux."

■ The decision of the Assistant Commissioner does not refer to the use of the combination of marks and, while appellant's reasons of appeal to this court allege error in the failure to sustain the petition for cancellation on the basis of such use, the matter is not discussed in appellant's brief here and may, therefore, properly be assumed to have been abandoned. Paulson v. Hyland, 136 F.2d 695, 30 C.C.P.A., Patents, 1150, but in any event, we think the holding of the Examiner of Interferences is correct. Accordingly, the question as to whether the combination "Magnaflux Sonizon" is confusingly similar to "Sonoflux" will not be considered.

The goods to which appellant's mark "Magnaflux" and appellee's mark "Sonoflux" are applied are substantially identical, being, in each case, a device for detecting flaws in magnetic bodies by magnetizing the bodies and applying to them a finely divided magnetic material which is caused to assume a form corresponding to any defect in the body. Since that result is obtained through the instrumentality of magnetic flux, it would seem the "flux" portion of each of the marks under consideration has a descriptive significance.

■ It is well settled that, while the question of confusing similarity of marks is to be determined from the marks as a whole, it is also proper to note that if a part of the mark is descriptive in nature, and has little or no trade-mark significance, it cannot be regarded as dominant and will generally be given less weight than more arbitrary portions of the marks. Miles Laboratories, Inc., v. United Drug Co., 112 F.2d 814, 27 C.C.P.A., Patents, 1273; West Disinfecting Co. v. Lan-O-Sheen Co., 163 F.2d 566, 35 C.C.P.A., Patents, 706; Nestle's Milk Products, Inc. v. Baker Importing Co., Inc., 182 F.2d 193, 37 C.C.P.A., Patents, 1066; and Kensington Steel Company v. Nichols Engineering & Research Corp., 188 F.2d 397, 38 C.C.P.A., Patents, 979.

■ Clearly appellant's registration and use of a trade-mark including the syllable "flux," for an apparatus whose

operation depends upon magnetic flux, should not preclude others who market the same type of device from employing that syllable as a portion of their marks.

The Assistant Commissioner held that since the goods here involved are relatively expensive and are sold to discriminating purchasers, those factors were to be considered in determining likelihood of confusion. Appellant ably argues that the type of purchasers should not be controlling here, and cites cases in which marks have been held to be confusingly similar notwithstanding the fact that the goods involved were expensive and were sold to discriminating buyers.

■ It is, of course, true that two marks may be so similar as to make confusion likely regardless of the type of purchasers involved, but it has been repeatedly held, and we think properly so, that, other things being equal, confusion is less likely where goods are expensive and are purchased after careful consideration than where they are inexpensive and are purchased casually. International Silver Co. v. American Silver Co., 37 F.2d 622, 17 C.C.P.A., Patents, 871; Syncromatic Air Conditioning Corp. v. Williams Oil-O-Matic Heating Corp., 109 F.2d 784, 27 C.C.P.A., Patents, 1010; and L. J. Mueller Furnace Co. v. United Conditioning Corp., 222 F.2d 755, 42 C.C.P.A., Patents, 932.

■ We are of the opinion the Patent Office tribunals properly held that the marks "Magnaflux" and "Sonoflux" are not confusingly similar.

The apparatus to which appellant's mark "Sonizon" is applied was designed initially for measuring the thickness of metal sheets by reflecting high frequency sound waves from the back surfaces of such sheets. However, if flaws are present the waves are reflected sooner, thus indicating the presence of the flaws. Accordingly, the goods to which appellant's mark "Sonizon" is applied are generally similar to those to which appellee applies the mark "Sonoflux,"

although the similarity in goods is not so close as in the case of the goods bearing the marks "Magnaflux" and "Sonoflux."

There is some controversy as to the meaning of the syllable "Son" in the marks under consideration. That syllable appears in the Latin word "sono" meaning a sound, which is the root of such words as "sonorous" and "sonic," and its use frequently indicates some connection with sound. That this is true in the case of "Sonizon" is shown by the following testimony of a Mr. Carl E. Betz, executive vice-president of Magnaflux Corporation:

"XQ10. Mr. Betz, you testified that the trademark 'Sonizon' was used on equipment which used ultrasonic principles in the measurement of the thickness of metal walls, is that correct? A. That is right.

"XQ11. Is it not fair to say then that the syllable 'Son—' or 'Soni,' in the case of "Sonizon," has some descriptive connotation in its use in that trademark, that one part of the trademark has some descriptive connotation? A. I would say so, yes."

In the case of the apparatus to which the mark "Sonoflux" is applied, the association with sound is not so clear or direct, since the apparatus does not function through the action of sound waves, but of magnetic flux. The only sound involved is the 60 cycle hum of the alternating current used in the magnetizing process. However, a Mr. W. H. Hopkins, president of Sonoflux Corporation, testified that "the term 'sono' came from the fact that we used sonic vibrations in magnetizing the material to be inspected."

■ Regardless of the exact extent to which sound vibrations play a part in the operation of appellee's device, we are of the opinion that the syllable "Son" in the mark "Sonoflux," as well as in "Sonizon," would be generally understood to be suggestive of sound, and would, therefore, be somewhat descrip-

tive in nature. For the reasons given above, therefore, that syllable is not as significant in determining the question of confusing similarity as it would be if it were purely arbitrary.

Since the goods to which the marks "Sonoflux" and "Sonizon" are applied are expensive and are sold to discriminating purchasers, the decisions cited above on that point are pertinent.

In the final analysis the question as to confusing similarity is one of opinion, and prior decisions are not of great value in resolving such issues. North Star Manufacturing Co. v. Wells Lamont Corporation, 193 F.2d 204, 39 C.C.

P.A., Patents, 764, and L. J. Mueller Furnace Co. v. United Conditioning Corp., supra.

It is our opinion that concurrent use of the marks "Sonoflux" and "Sonizon" would not be likely to result in confusion. Accordingly, the decision appealed from is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate.

O'CONNELL and COLE, JJ., because of illness, did not participate in the hearing or decision of this case.